[No. 1465. Decided February 7, 1895.]

JACOB ERICKSON, *Respondent*, v. Z. ERICKSON, *Appellant*.

APPEAL — SERVICE OF STATEMENT OF FACTS — CERTIFICATION — BOND.

Service upon a respondent of a proposed statement of facts prior to its filing in the cause by appellant is insufficient.

In such case, the service of notice upon respondent that appellant would apply to the court to certifiy his statement is ineffective to give the court jurisdiction.

Under Laws 1893, p. 129, § 18, an appeal will be dismissed when the bond does not, in form and substance, conform to the requisites prescribed in §§ 6 and 7 of the same act.

*Appeal from Superior Court, Pierce County.*

The appeal bond filed in this case was conditioned that "the said Z. Erickson does by these presents, covenant and agree to hold and save the plaintiff and respondent harmless on account of the costs of said appeal, and said defendant and appellant does agree to pay all costs and damages that may be awarded against him on said appeal or on the dismissal thereof, not to exceed two hundred dollars, if said judgments and orders are by the said supreme court affirmed, and said orders and rulings of the said supreme court sustained," etc.

*J. H. Cannon*, for appellant.

*John P. Judson*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— The respondent moves the court to strike the statement of facts from the record, for the

reason that the same was not filed, served, settled or certified as by law provided.

It appears that the judgment in this cause was entered on November 27, 1893, and that the statement of facts was not filed within thirty days thereafter. But, on January 22, 1894, the appellant applied to the court for an extension of time in which to file his proposed statement of facts. The time was extended, by order of the court, to January 29, 1894, and the proposed statement of facts was filed January 25, 1894.

The statute provides that a party desiring to have a statement of facts certified must prepare the same as proposed by him, file it in the cause, and serve a copy thereof on the adverse party. No copy of the statement was served on the respondent after it was filed, but the appellant insists that the law respecting service was complied with by leaving a copy of the stenographer's notes of the evidence with the respondent's attorney on the day he applied for further time in which to file his proposed statement of facts. But it is difficult to understand why he should have desired additional time in which to file his statement of facts, if the stenographer's notes which he then had constituted the statement he proposed to file. In contemplation of law there can be no statement of facts in a cause until it has been properly filed therein, and no valid service of a statement can be made by copy until the original has been filed. In other words service cannot precede the filing of the statement. *Hastings v. Halleck,* 10 Cal. 31; *Buffendeau v. Edmondson,* 24 Cal. 94 (79 Am. Dec. 139); *Moulton v. Ellmaker,* 30 Cal. 528; *Lambert v. Moore,* 1 Nev. 344.

We think, therefore, that the statement of facts was not served as provided by law.

On March 13, 1894, notice was given respondent that

appellant would apply to the judge who tried the cause to settle and certify the statement of facts on March 22, 1894, and the statement was certified on that day, respondent not being present. Under the statute the respondent is entitled to ten days after the filing and service of the statement of facts within which to file and serve any amendments which he may propose thereto, but if no amendments are filed and served within that time, then the statement is deemed agreed to and may be certified by the judge at the instance of either party at any time, without notice to any other party, upon proof of service of the statement, and that no amendments have been proposed. Laws 1893, p. 115. But this cannot be done before the expiration of the time for filing amendments. Inasmuch as the statement was never served as required by law, the notice of March 13,. 1894, in no way affected the rights of respondent. The motion to strike the statement must be granted.

The respondent also moves to dismiss the appeal for the reason that no bond has been filed in this cause as required by law. It is provided by § 18 of the appeal act of March 8, 1893 (Laws 1893, p. 129), that any respondent may move the supreme court to dismiss an appeal on the ground that the appeal bond is not, in form or substance, such as to render the appeal effectual. The requisites of a proper bond are prescribed in sections 6 and 7 of the same act. Tested by these provisions the bond filed in this case is certainly not such as to render the appeal effectual. It is radically deficient both in form and substance.

The appeal must, therefore, be dismissed, and it is so ordered.

HOYT, C. J., and SCOTT and DUNBAR, JJ., concur.