[No. 1941. Decided January 9, 1896.]

PHILIP BOYLE, *Respondent*, v. THE GREAT NORTHERN RAILWAY COMPANY, *Appellant*.

APPEAL—SERVICE OF STATEMENT—ACTION AGAINST RAILROAD FOR PERSONAL INJURIES—PLEADING—REPLY TO PLEA IN ABATEMENT—JUDICIAL NOTICE—RAILWAYS AS COMMON CARRIERS.

Service of a copy of a proposed statement of facts cannot be properly made, under the appeal act of this state until after the original statement has been filed in the cause.

In an action against a railway company for personal injuries, an averment in the complaint that a certain firm were constructing a portion of its road bed, when taken in connection with the further allegation that plaintiff was working for said firm as a common laborer, is sufficient to show that the firm were independent contractors of the railway company.

Courts will take judicial notice that railway companies are common carriers, for the reason that the law makes them such.

That there was an agreement between a railway company and contractors engaged in constructing its road bed, to transport the latter's employees, is sufficiently shown by an allegation in the complaint, that there was an "arrangement" between them to that effect when it is clear from the other allegations of the complaint that the word was used in the sense of an agreement or contract

Where a plea of another action pending has been interposed, a reply that, subsequent to the filing of the plea, the suit whose pendency was alleged had been dismissed, is good against demurrer.

Appeal from Superior Court, Spokane County.—Hon. JESSE ARTHUR, Judge.    Affirmed.

C. Wellington, and Jay H. Adams (M. D. Grover, of counsel), for appellant.

Plummer & Thayer, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The motion of respondent to strike the statement of facts from the record was granted at the hearing, and the argument upon the merits confined to questions arising upon the pleadings. Two reasons were assigned why said motion should be granted, (1) that a copy of the proposed statement of facts had not been served upon the respondent after it was filed in the cause; and (2) that no notice of such filing had been served upon one of the parties who had appeared in the action.

It appeared from the transcript that a copy of the proposed statement of facts was served on the 31st day of May, 1895, at 2:20 P. M., and that such proposed

statement was filed in the cause on the same day at 3:30 P. M. It was held by this court in *Erickson v. Erickson*, 11 Wash. 76 (39 Pac. 241), that the service of the copy of the proposed statement could not properly be made until after the original had been filed in the cause, and that service of such copy before the filing of the original was ineffectual; and numerous decisions of the supreme court of California upon their statute, from which ours was taken, were cited in support of the decision. In adopting the construction of the statute in the state from which it was taken, this court followed a well-settled rule of decision. Beside, the plain language of the statute indicates that the paper to be served should be a copy of a paper then on file and a part of the record of the cause.

Upon the argument of this motion it was sought to distinguish this case from the one above cited, for the reason that it appeared that the statement in the case at bar was filed on the same day that it was served, while in the other case such fact did not appear, and it was contended that the decisions of the California courts were to the effect that where the service was upon the same day that the proposed statement was filed it was sufficient. We have carefully examined the California cases and have been unable to so interpret them. It is true that it is stated in some of them that a service made at the time of the filing is sufficient, but it is nowhere stated that such service would be at the time by reason of the fact that it was upon the same day. The general rule that the law will not take notice of fractions of days was not referred to in any of such decisions, and in our opinion it was not the intention of the supreme court of that state to ap-

ply it in determining what service was simultaneous with the filing. What was said in the case above cited was, we think, justified by the cases from California.

If the statute were to be construed independently of the construction placed upon it in California, one of two conclusions would necessarily follow; either that it is mandatory and must be construed as it reads, in which case it would necessarily follow that the filing must precede the service, or that it is directory, in which case the relation of the service to the filing would be immaterial, unless it was made to appear that by reason of such relation being other than that named in the statute the party upon whom the service was made had been deprived of some right. The last construction would open the door to such a loose practice and so frequently call upon courts to enter upon an investigation of collateral questions, that it should not be adopted unless absolutely necessary. The statute when given the other construction is easily complied with, and there is no necessity for adopting a construction which would lead to such uncertainty. Beside, the legislature had an object in view when they provided that the statement should be filed before the copy was served. If the copy was served before the original was filed there would be nothing to prevent the original being changed, and the burden of making such an examination as would show that it had not been would be cast upon the respondent. If filed before the copy was served no such change could be made. The design of the statute was that when the service of the copy of the proposed statement was made the party upon whom it was served might rely upon it as a copy of a paper of record in the cause.

In the case of *Turner v. Bailey*, 12 Wash. 634 (42

Pac. 115), the question of the relation of the service to the filing was before this court, and it was stated therein that both appearing to have been on the same day the service was good, but it was not there made to appear by anything in the record that the service preceded the filing, and the decision could well have been placed upon the ground that the service and filing having been shown to be upon the same day, and there being nothing to show which was first, it would be presumed in aid of the proceedings of the lower court that the filing preceded the service. It is true that it was attempted to be shown by statements outside of the record that the service preceded the filing, but such showing should have been made in the lower court and brought up here as a part of the record to have been entitled to consideration. The reasonable construction of the statute and the decisions in California require us to hold that a service shown by the record to have preceded the filing is without force. It is not necessary to consider the other reason stated in the motion.

A demurrer was interposed to the complaint, the overruling of which by the trial court is the first alleged error of which we can take notice, and the only one which was presented upon the oral argument. The reasons why the complaint was claimed to be insufficient were, (1) failure to state facts showing that Shephard, Seims & Co. were independent contractors; (2) failure to allege that the railway company was a common carrier; (3) failure to allege that respondent was a passenger; (4) that it appeared from statements therein that plaintiff was injured by the negligence of a fellow-servant.

Upon the first point, the complaint states that Shephard, Seims & Co. were constructing a portion of

the road bed of the railroad company and that plaintiff was working for them as a common laborer; and this statement, when taken in connection with other allegations in the complaint, sufficiently showed that said company were independent contractors of the railway company.    If they were not independent contractors plaintiff would have been working for the railroad company and not for them.    But the complaint stated that he was working for them, and in so doing fairly negatived any conclusion which might otherwise have been drawn from the language of the complaint, that said company were not independent contractors.    It was not necessary to allege that appellant was a common carrier.    The courts will take judicial notice that railway companies are common carriers, for the reason that the law makes them such.    Beside, it was not necessary that the railway company should have been a common carrier to make it liable to the plaintiff for the personal injuries received by him under the circumstances disclosed by the complaint.

The third point was founded upon the claim that there was no sufficient allegation of any agreement, between the railroad company and the co-partnership for which the plaintiff was working, requiring the railroad company to transport the employees of the co-partnership.    The allegation of the complaint was to the effect that there was an *arrangement* of that kind, and it is contended that this was not equivalent to an allegation of the existence of a contract.    But this contention is untenable, for while it is true that the word "arrangement," when taken by itself, has a different signification from the word "contract" or "agreement," yet, when taken in connection with the other allegations in this complaint, it could mean nothing less than that by some mutual agreement

between the parties the railroad company was to transport the employees of the co-partnership.

There is nothing in the complaint which warranted the contention that it appeared therefrom that the plaintiff and the persons operating the train were fellow-servants. It will be seen from what we have said that the contrary clearly appeared. The complaint might have been vulnerable to a motion to make more definite and certain, but was good when tested by general demurrer.

The only other error mentioned in the brief which is not dependent upon the statement of facts is that founded upon the overruling of appellant's demurrer to plaintiff's amended reply. The appellant had pleaded in abatement that another action for the same cause was pending in the federal court, and the reply alleged that subsequent to the filing of said plea the suit in the federal court had been dismissed. This statement was a sufficient reply to the plea of the appellant. The court committed no error in construing the pleadings and the statement of facts having been stricken, no other error can avail appellant.

The judgment will be affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.

GORDON, J., took no part.