[No. 2158.  Decided June 23, 1896.]

FANNIE BARKLEY, *Appellant*, v. P. W. BARTON *et al.*, *Respondents.*

APPEAL—SERVICE OF STATEMENT OF FACTS—TIME OF APPEAL—ESTOPPEL—WHEN FINDINGS UNNECESSARY.

Service upon respondent of a copy of a statement of facts prior to the filing of the original in the clerk's office, is ineffectual for purposes of appeal.

Where an appeal has been taken from a judgment, the appellant is estopped to afterwards take advantage of the fact that no copy of the judgment had been served upon him.

Neither findings of fact nor conclusions of law are required on the part of a trial court when it grants a motion for a non suit in a jury case.

Appeal from Superior Court, Snohomish County. —Hon. JOHN C. DENNEY, Judge.   Affirmed.

· *H. A. Porter*, for appellant.
*Allen & Powell*, for Respondent.

The opinion of the court was delivered by

HOYT, C. J.—Respondents have filed a motion to strike the statement of facts for the reason that a copy thereof was not served upon them as required by law. It appears from the record that the statement was first served on the 13th day of May, 1895, and that it was not filed until May 14, 1895, and under the authority of *Erickson* v. *Erickson,* 11 Wash. 76 (39 Pac. 241), and *Boyle* v. *Great Northern Ry. Co.,* 13 Wash. 383 (43 Pac. 344), it must be held that such service was ineffectual. In January, 1896, further service of the statement was attempted to be made upon respondents, but this service was not in time, especially in the absence of any order from the superior court extending the time for filing and serving the statement of facts. The only ground upon which it is claimed by the appellant that this service was in time was that there had been no copy of the judgment served upon her, but she, having appealed therefrom three or four months before the date of this attempted service could not thereafter rely upon the provision as to the service of a copy of the judgment, even if the state of the record were such that she would be in a position to take advantage of the want of service, if she had not served such notice of appeal. It follows that the motion of the respondents must be granted.

The sufficiency of the pleadings has not been challenged. There is only one assignment of error which could under any circumstances avail appellant after the statement of facts is stricken from the record. That one is founded upon the failure of the court to

make findings of fact and law, and since in our opinion no findings of fact were necessary such claim of error is without force.  The case was on trial before a jury and at the close of plaintiff's case a motion for a non suit was granted.  Under these circumstances judgment of dismissal would follow as a matter of course and no findings of fact or law were required on the part of the trial court.

The judgment will be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.