[No. 2562.   Decided April 27, 1897.]

THE STATE OF WASHINGTON *on the Relation of Peter Alladio* v. SUPERIOR COURT OF KING COUNTY.

PROHIBITION, WRIT OF — AFFIDAVIT BY ATTORNEY — LACK OF JURISDIC- TION OF SUPERIOR COURT — APPEAL FROM JUSTICE OF THE PEACE — NOTICE.

The fact that the affidavit filed upon an application for a writ of prohibition was made by the attorney of petitioner, instead of by the petitioner himself, does not render the application insuffi- cient under the statute requiring the affidavit to be made by the person beneficially interested, when the affidavit was made in behalf of the petitioner by his attorney, who was more cognizant of the facts in the case.

The supreme court has jurisdiction to prohibit the superior court from proceeding with the trial of an appeal from a justice of the peace, when the superior court has not properly acquired juris- diction of the appeal.

Under Code Proc., § 1631, providing that an appeal from a justice of the peace, in a civil action, shall be taken " by filing a notice of appeal with the justice and serving a copy on the ad- verse party or his attorney," it is essential, in order to confer jurisdiction on the superior court, that the notice of appeal be filed with the justice prior to the service of a copy thereof upon the adverse party.   (GORDON, J., dissents).

*Original Application for Prohibition.*

*Hardin & Ferry*, for relator.
*Thomas A. Garrett*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This is an application for a writ to prohibit the superior court of King county from trying an action brought by the Puget Sound Glass Company against one Peter Alladio. The action was commenced before a justice of the peace, and judgment was rendered for the defendant. Whereupon the plaintiff sought to appeal to the superior court aforesaid.

It is conceded that the notice of appeal was served on the defendant's attorney on the 17th day of March, 1897, and was filed in said justice's court on the following day, and the point is made that this service and filing was insufficient to give the superior court jurisdiction of the cause, and a motion to dismiss the appeal was duly made, which the court denied.

The hearing before us was had upon notice, and the respondent appeared and resisted the granting of the writ, first on the ground that the application was insufficient for the reason that the affidavit was not made by the defendant in the action, but was made by his attorney. We think this was a sufficient compliance with the statute. The application was on the part of the defendant, the person beneficially interested. The facts set forth in the affidavit were within the knowledge of the person making it, for the notice was served upon him and the defendant was not in a position to make the affidavit for want of personal knowledge of the facts.

The next objection is that this court has no authority to issue the writ in such a case as this, but we think this point has been settled by the numerous decisions of this court contrary to the contentions of the respondent, and that there is nothing in this case to call for any further discussion of the question, and the only question to be considered is, was the notice sufficient to confer jurisdiction of the cause upon the superior court.

Sec. 1631, Code Proc., provides that an appeal in a civil action, from a justice of the peace, shall be taken " by filing a notice of appeal with the justice and serving a copy on the adverse party or his attorney," etc.  And we are of the opinion that, under this statute, it was necessary for the party seeking to appeal to file a notice with the justice of the peace before serving a copy of it on the adverse party, and the copy so served should also contain a copy of such filing.  Otherwise the party making such service could withhold the notice any length of time within the twenty days allowed for taking the appeal, and the adverse party would be compelled by continual inquiry to ascertain when the notice was filed with the justice, if at all, in order to know when the ten days allowed by § 1634 for filing the transcript would commence to run.  To impose this burden upon him would be contrary to the spirit of the act aforesaid, as well as against the express provisions of said § 1631, and would place such adverse party at a material disadvantage.  Consequently the fact that the service preceded the filing cannot be regarded as an immaterial matter.  Such a view of this statute accords with the holding of this court in *Erickson v. Erickson,* 11 Wash. 76 (39 Pac. 241), and with the courts elsewhere, generally, as we understand the decisions, although there may be one or two exceptions.

It follows that the notice in question conferred no jurisdiction upon the superior court, and that the writ should issue, with costs against the plaintiff in said action.

DUNBAR, ANDERS and REAVIS, JJ., concur.

GORDON, J. *(dissenting).*—From the conclusion reached, and from what is said in the foregoing opinion in regard to the serving and filing of the notice of appeal, I respectfully dissent.