[No. 2768. Decided December 21, 1897.]

YAKIMA WATER, LIGHT AND POWER COMPANY, *Appellant*, v. J. H. HATHAWAY *et al.*, *Respondents*, AND YAKIMA NATIONAL BANK *et al.*, *Appellants*.

APPEAL BOND — SUFFICIENCY OF — NOTICE OF APPEAL — PRESUMPTION AS TO SERVICE — RECORD — CONDEMNATION PROCEEDINGS — RIGHTS OF MORTGAGEE AND JUDGMENT LIENORS IN DAMAGES AWARDED.

Where sureties upon an appeal bond are named in the body of the bond and subscribe to the justification, it is a sufficient execution by them of the bond, although their names may not be subscribed to the bond otherwise.

Where an acknowledgment by respondents of service of a notice of appeal is dated on the same day as the filing of the notice, the presumption is that the service was made before the filing.

Where judgment has been entered in a cause based upon an agreed statement of facts and a stipulation for a waiver of formal pleadings, and the facts are sufficiently stated to show the claims

of the respective parties, such statement of facts and stipulation are a sufficient record to warrant the action of the appellate court thereon in case of appeal.

Under the statutes of this state, the decree of appropriation awarding damages in condemnation proceedings is for an interest in the land taken, and the holders of mortgage and judgment liens on such land at the time of its appropriation are entitled to share in the damages awarded to the extent and according to the priority of their liens.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge. Reversed.

*Bogle & Rigg*, and *Whitson & Parker*, for appellants.
*Frank H. Rudkin*, and *W. L. Jones*, for respondents.

The opinion of the court was delivered by

REAVIS, J.—This cause involves a controversy between respondent Rudkin and appellants Yakima National Bank and Hoffman over the distribution of a fund in the custody of the superior court of Yakima county. The fund was paid into court by appellant Yakima Water, Light and Power Company pursuant to a decree of appropriation of right-of-way for a canal conveying water to the town of North Yakima. The right-of-way so appropriated was through the premises of respondent Hathaway. In 1890 the appellant corporation by parol license entered upon the premises of Hathaway and constructed its canal for carrying waste water after the same had been used to supply the city and its inhabitants with water and electric lights, and for mechanical purposes, and such canal has been used ever since for the same purposes. In September, 1894, Hathaway executed a mortgage on a portion of the premises through which the canal was constructed to the appellant Hoffman. In February, 1895, Hathaway commenced an action in the superior court of Yakima county against the appellant corporation, alleging that he was the

owner in fee of the premises through which the canal was constructed, and that appellant corporation had procured no right-of-way from him through such premises, and praying that a perpetual injunction issue against the operation of such canal by appellant corporation, and that such corporation be enjoined from entering upon such premises for any purposes thereafter. On the trial of the cause judgment was entered in favor of Hathaway that unless the appellant corporation within thirty days should commence proper condemnation proceedings to appropriate the right-of-way for its canal it should be restrained and enjoined thereafter from any claim to such canal or the further operation thereof. The cause was appealed to this court and affirmed in *Hathaway v. Yakima Light & Power Co.*, 14 Wash. 469 (53 Am. St. Rep. 874, 44 Pac. 896). The appellant corporation thereafter commenced condemnation proceedings, which constitute the present cause, and on the 28th day of May, 1897, judgment of condemnation under the statute was entered upon verdict of the jury in favor of Hathaway for $425, which amount was paid by appellant corporation into court. On the 5th of April, 1897, appellant Hoffman became the purchaser of the premises covered by her mortgage under decree of foreclosure, and no redemption has since been made of said premises. On the 19th of April, 1897, judgment was rendered in said court in favor of the appellant Yakima National Bank against Hathaway for the sum of $1,200, and on the 20th of April following, in the same cause a garnishment was served upon the appellant corporation as plaintiff in this cause, seeking to subject the amount due Hathaway for the right-of-way to the satisfaction of the bank's judgment. And again, on the 28th of May, after judgment had been entered and before the money had been paid into court a garnishment was served upon the appellant corporation, and after the

money had been paid into court garnishment was served upon the clerk to subject the funds to the satisfaction of the bank's judgment. On the 19th of April, 1897, Hathaway assigned all his right, title and interest in the claim and any judgment that might be rendered in this cause to respondent Rudkin. The assignment was not acknowledged or filed in the clerk's office or docketed or minuted on the execution docket, and no notice was given by the assignee to any of the parties in interest. After the payment of the funds into court appellant Hoffman filed her petition claiming by virtue of her mortgage a portion of the funds, and the appellant bank petitioned, claiming the whole of the fund by virtue of its garnishments, or claiming a portion of the fund by virtue of the lien of its judgment against Hathaway, and respondent Rudkin claimed the whole of the fund by virtue of the assignment from Hathaway to him. A statement of facts was made up by all parties interested, in the superior court, and it was also stipulated that the issues and claims by the respective parties should be deemed to have been made up. The foregoing facts are from such statement. The superior court, upon such statement of facts and claims of the respective parties, entered judgment awarding the whole of the fund in court to respondent Rudkin. From such judgment the Yakima National Bank and Hoffman and the appellant corporation have appealed.

1. Several objections are made to the appeal by respondents Rudkins and Hathaway. One is to the bond on appeal. We think the mention of the names of the sureties in the body of the bond and their subscription to the justification is sufficient execution by them of the bond, and further, questions going to the sufficiency of the appeal bond should first be raised in the superior court. The only persons interested in this fund or in this proceeding are

appellants Yakima National Bank and Hoffman, and respondent Rudkin. Appellants Hoffman and the bank gave notices of appeal, upon which there is an acknowledgment of service by all the other parties to the action. This acknowledgment of service appears on the same day as the filing of the notice of appeal. The presumption is that the service was made before the filing of the notice. The objection to the consideration of the cause upon the record as made up is not well taken. The statement of facts before the superior court with a stipulation waiving formal pleadings was sufficient. The claims of the respective parties to the funds in court were clearly before the court together with all the facts on which such claims were based, and judgment was entered regularly upon them.

2. The canal was constructed through Hathaway's premises in the year 1890 by consent of Hathaway. Until the revocation of the license to the appellant corporation in 1895 by Hathaway's demand for a cessation of its operation, the appellant corporation was not a trespasser. It was only after the revocation of the parol license that it became such trespasser and liable to damages; but the action commenced by Hathaway was not for damages for prior acts of trespass, but to put the appellant corporation off his premises after he had revoked its license there. In that action the court, finding that appellant corporation had power to condemn the right-of-way, stayed the injunction to allow the exercise of condemnation. The result of such condemnation was a decree of appropriation of Hathaway's interest in the land, and of the interest of all incumbrancers upon the land and all persons interested therein.

Section 649, 2 Hill's Code (Bal. Code, § 5638), prescribes that notice of condemnation of the premises sought to be appropriated shall be served on each and every person named therein as owner, incumbrancer, or tenant, or

otherwise interested therein.   Section 652 directs the jury to make a separate assessment of damages to be paid to the owner, tenants and incumbrancers, and others interested for the taking or injuriously affecting the premises.   Section 655 provides that any person, etc., claiming to be entitled to any money paid into court, may apply to the court therefor, and upon furnishing evidence satisfactory to the court that he is entitled to the same, the court shall make an order directing the payment, etc.

The appellant Hoffman became a party to the condemnation proceedings and the appellant bank became an incumbrancer while such proceedings were pending and before judgment.   It is insisted for respondent Rudkin that Hathaway could assign damages arising from a trespass, either before or after judgment, and this is the test of the rights of the respective parties in this controversy.   The contention that such damages may be assigned is undoubtedly correct, but if the decree of appropriation in the condemnation proceedings was of an interest in the land over which the right-of-way ran, then the damages for taking or injuriously affecting Hathaway's land was for an interest in the realty.   Our statute governing the appropriation for rights-of-way is broader than most of the state statutes.

Section 653, 2 Hill's Code (Bal. Code, § 5642), declares the judge shall enter a judgment or decree of appropriation of the land, real estate, premises, right-of-way or other property sought to be appropriated thereby, vesting the legal title to the same in the corporation seeking to appropriate for corporate purposes, and while it is not necessay to construe this statute as meaning literally the absolute appropriation of the fee, we are satisfied that the appropriation is of a substantial interest in the land.   The money awarded upon the taking is not for the trespass

upon the land, but "for the taking or injuriously affecting the land," such taking being completed, at any rate, for all corporate purposes. . In this case the money in court stands for and represents the premises affected by the right-of-way. The appellant Hoffman by virtue of a mortgage is entitled to such proportion of this fund as represents the portion of land affected, which was included in her mortgage. The appellant bank, having become an incumbrancer prior to the judgment is entitled upon the application made by it to the court to the remainder of the fund, after the payment to the appellant Hoffman. This view of the case makes it unnecessary to discuss the other questions raised upon the argument relating to the garnishment attempted to be made by the appellant bank, and also the effect of failure to minute or file the assignment held by respondent Rudkin.

The judgment of the superior court is reversed and further proceedings directed in conformity to this decision.

SCOTT, C. J., and ANDERS and DUNBAR, JJ., concur.