[No. 3983.   Decided June 25, 1902.]

TOWN OF TUMWATER, *Respondent,* v. CHAS. HARDT *et al., Defendants,* G. NOSCHKA, *Appellant.*

OFFICIAL BONDS — SIGNATURES OF OBLIGORS.

    An official bond which was executed by a principal and his sureties by affixing their signatures to the justification which

followed immediately after the bond, upon the printed form, instead of signing at the end of the stipulations and conditions, was a valid bond, where the names of the principal and sureties were set forth in the body of the bond and it had been delivered and accepted by the obligors and obligee with the intent that it should constitute a binding obligation.          •

Appeal from Superior Court, Thurston County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*J. W. Robinson,* for appellant.

*Charles D. King,* for respondent.

PER CURIAM—Action by respondent, a municipal corporation of the fourth class, against the town treasurer and sureties upon his official bond. Under instructions of the court, a verdict was returned in favor of respondent. From an examination of the record and statement of facts, we are satisfied that only one legal question is necessary for examination here. The official bond contained the signatures of the treasurer and his sureties in the justification to the bond, and was signed nowhere else. The paper was a printed official bond, with the conditions written therein, and the names of the treasurer and his sureties written in the body of the bond; but the names of the treasurer and the sureties were not signed at the end of the stipulations and conditions, where blank lines were left for such signatures. But on the same paper, and in continuous order, following the blanks for names, was the justification for the usual official bond. At the end of the justification were the signatures of the treasurer and his two sureties, affixed in the handwriting of each, and subscribed and sworn to before the town clerk; and immediately following was the official oath of the treasurer, subscribed and sworn to by him before the town clerk. It is urged by counsel

for appellant that the bond was not signed by the sureties or principal; that the justification was no part of the bond, and had no relation to it; therefore, that plaintiff's cause of action failed, and judgment should have been entered for defendants. Section 998, Bal. Code, provides, relating to such bonds:

"All the provisions of any law of this state relating to the official bonds of officers shall apply to such bonds, except as herein otherwise provided."

Section 1526, Bal. Code, prescribes that, unless otherwise especially provided, there shall be at least two sureties upon the official bond of every officer. Section 1527 provides for the justification of the sureties upon the bonds of other officers. Thus, it may be observed that the signatures to the justification were authorized by law and a doubt cannot be entertained that the defendants executed the bond intentionally. The position of the justification and their signatures conclusively establishes the execution of the paper. We are satisfied from the evidence that the bond was properly delivered and accepted by the plaintiff, and the liberal provisions of our statute prescribing the effect of an official bond confirm the efficiency of the bond before us.

The case of *Yakima Water, etc., Co. v. Hathaway,* 18 Wash. 377 (51 Pac. 471), is in point here. In that case an appeal bond to this court was attacked because the sureties had only affixed their names to the justification on the bond, and had not signed the paper in any other place. It was held that the signatures to the justification, where the names appeared in the body of the instrument, were sufficient, and the bond was valid.

The conclusion that the bond in suit is valid must affirm the judgment.