[No. 4948.    Decided March 21, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE W. YANDELL, *Appellant.*[1]

APPEAL—RECORD—AFFIDAVITS, HOW BROUGHT UP. Affidavits in support of a motion for a new trial will not be considered on appeal unless embodied in a bill of exceptions or statement of facts.

SAME—STATEMENT OF FACTS—SERVICE BEFORE FILING. A statement of facts served before it is filed is not a compliance with the law and can not be considered.

SAME—TIME OF FILING. A statement of facts must be filed within thirty days from the date of the judgment, where no extension of time is given, or it can not be considered.

CRIMINAL LAW—MURDER—INFORMATION—SUFFICIENCY. An information charging in the language of the statute that the accused

[1]Reported in 75 Pac. 988.

purposely and of his deliberate and premeditated malice killed the deceased by purposely, etc., shooting and mortally wounding him with a pistol, is sufficient to sustain a conviction of manslaughter.

Appeal from a judgment of the superior court for Okanogan county, Martin, J., entered May 18, 1903, upon a trial and conviction of the crime of manslaughter. Affirmed.

*E. Fitzgerald,* for appellant.

*E. K. Pendergast,* for respondent.

DUNBAR, J.—On March 28, 1903, an information was filed by the prosecuting attorney of Okanogan county, charging defendant with murder in the first degree. On April 9 defendant was arraigned, and on April 10 his plea of not guilty was entered. He was brought to trial on the regular May term of said court, and upon the 15th day of May, 1903, the jury brought in a verdict finding him guilty of manslaughter. On May 18, 1903, he was sentenced to the penitentiary for a term of four years. From that judgment this appeal was taken.

Respondent moves to dismiss this appeal for the reasons, that the appellant's brief was not filed within the time required by law, and that no extension of time for the service or filing of said brief had been given by the court, nor by stipulation, nor otherwise, nor at all; that no statement of facts had been served within the time required by law, or at all, and that no statement of facts has been certified to this court at all; that no notice has been given at any time of the time or place when application would be made for the settlement of any statement of facts, as required by law, or at all; and for various other reasons which it is not necessary to notice, for the fact appears that no statement of facts has been certified to this court. A supplemental transcript, embodying certain affidavits,

has been filed by the appellant in this case, but the affidavits cannot be considered here for the reason that they have not been certified as a part of the record of the case. This has been the uniform ruling of this court. Affidavits in support of a motion for new trial will not be considered on appeal when not embodied in a bill of exceptions or a statement of facts. *Shuey v. Holmes,* 27 Wash. 489, 67 Pac. 1096. It appears that the only proposed statement of facts that has at any time been served or filed in this action was served on the 17th day of July, 1903, and not filed until the 20th day of July, 1903. This is not in compliance with · the requirements of law, under the rule announced in *Erickson v. Erickson,* 11 Wash. 76, 39 Pac. 241, where it was said:

"In contemplation of law there can be no statement of facts in a case until it has been properly filed therein, and no valid service of a statement can be made by copy until the original has been filed. In other words, service cannot precede the filing of the statement. . . We think, therefore, that the statement of facts was not served as provided by law."

The same rule was announced in *Boyle v. Great Northern R. Co.,* 13 Wash. 383, 43 Pac. 344, and *Barkley v. Barton,* 15 Wash. 33, 45 Pac. 654. But, in any event, there was no proper statement of facts proposed, for the judgment was rendered on May 18, 1903, and the statement of facts was not served until the 17th of July, 1903, or filed until the 20th of July, 1903. The law provides that the statement of facts must be filed and served within thirty days from the date of judgment, unless an extension of time is granted by stipulation or order of the court. *State v. Landes,* 26 Wash. 325, 67 Pac. 72; *Wollin v. Smith,* 27 Wash. 349, 67 Pac. 561.

There being no statement of facts here, the only question that can be raised, under the assignments made by appellant under his motion in arrest of judgment, is that the facts stated in the information do not constitute a crime or misdemeanor. The material part of the information is as follows:

"Comes now E. K. Pendergast, county attorney and prosecuting attorney in and for Okanogan county, state of Washington, and by this information does accuse one George W. Yandell with the crime of murder in the first degree, committed as follows, to wit: He, the said George W. Yandell, in the county of Okanogan, state of Washington, on the 11th day of March, A. D. 1903, purposely and of his deliberate and premeditated malice, killed Fred Starrett, by then and there purposely and of his deliberate and premeditated malice shooting and mortally wounding the said Fred Starrett with a pistol (revolver) which he, the said George W. Yandell, then and there held in his hand."

In addition to the fact that it would seem that no legal objection could be raised to an information of this character, this court has passed upon an information drawn in exactly the same words, with the exception of dates and the names of the combatants, in *State v. Cronin*, 20 Wash. 512, 56 Pac. 26, where the information was sustained, and the court, after citing numerous cases in which this character of information had been sustained, said:

"The attacks so repeatedly made upon this form would seem to indicate that this court's conclusions had not met with the entire approval of the bar; but to reverse our former holdings now would entail such grave consequences that such a course is not to be considered, and we must insist that the question is no longer an open one."

The judgment is affirmed.

HADLEY, MOUNT, and ANDERS, JJ., concur.

FULLERTON, C. J., concurs in the result.