[No. 5900. Decided January 10, 1906.]

LAWYER LAND COMPANY, *Appellant,* v. ISABEL R. STEEL *et al., Respondents.*[1]

APPEAL—DISMISSAL—NOTICE—FILING PRIOR TO SERVICE—HARMLESS ERROR. Under Bal. Code, § 6503, providing that an appeal shall be ineffectual if not filed within five days after service of notice, the notice of appeal may be filed before service, especially in view of Laws 1899, p. 79, providing that no appeal shall be dismissed for any defect in the notice or service thereof.

PROCESS — SUMMONS — SERVICE BY PUBLICATION — FORM — SUFFI-CIENCY. A summons by publication in the statutory form, served upon a defendant outside of the state, is not defective by reason of containing the clause requiring the defendant to appear in twenty days after the service if service shall be made within the state, which clause may be treated as surplusage.

APPEAL—REVIEW—ERROR URGED BY RESPONDENT WITHOUT CROSS-APPEAL. Upon appeal from an order quashing a summons, entered solely upon the ground that the summons was defective in form, the respondents cannot, without taking a cross-appeal, urge error in refusing to grant the motion to quash the summons upon other grounds, to which they took exception.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered June 12, 1905, on motion of the defendants, quashing a summons and the service thereof. Reversed.

*E. H. Belden,* for appellant.

*Danson & Williams,* for respondents.

[1]Reported in 83 Pac. 896.

HADLEY, J.—Respondents moved to dismiss this appeal, on the ground that the notice of appeal was first filed and afterwards served. Bal. Code, § 6503, states that, when the appeal is not taken at the time of the rendition of the judgment, it may thereafter be taken by the service of written notice and, within five days after such service, the original notice or a copy thereof, with proof or written admission of service, shall be filed in the office of the clerk of the superior court. It is contended that the order of service and filing as set forth in the statute is jurisdictional, and that failure to follow it is fatal to an appeal. Reference is made to the decisions of this court with regard to filing and service of a statement of facts, the order of which is the reverse of that specified with reference to the appeal notice. It is also pointed out that this court held in *State ex rel. Alladio v. Superior Court,* 17 Wash. 54, 48 Pac. 733, that, on appeal from a justice of the peace to the superior court, it is essential, in order to confer jurisdiction, that the notice of appeal shall be filed with the justice prior to service of a copy on the adverse party.

The reasoning of the court with regard to the statement of facts was that, in contemplation of law, there can be no statement in a case until it has been first filed therein, and that no valid service can therefore be made by copy until there is an original statement. *Erickson v. Erickson,* 11 Wash. 76, 39 Pac. 241. Again, the reasoning with reference to the notice in cases of appeal from justices of the peace was that, inasmuch as twenty days are allowed for taking an appeal, it becomes necessary to first file the notice with the justice and then serve a copy, with proof that it has been so filed, for reasons stated by the court, as follows:

"Otherwise the party making such service could withhold the notice any length of time within the twenty days allowed for taking the appeal, and the adverse party would be compelled by continual inquiry to ascertain when the notice was filed with the justice, if at all, in order to know when the

ten days allowed by § 1634 for filing the transcript would commence to run. To impose this burden upon him would be contrary to the spirit of the act aforesaid, as well as against the express provisions of said § 1631, and would place such adverse party at a material disadvantage. Consequently the fact that the service preceded the filing cannot be regarded as an immaterial matter." *State ex rel. Alladio v. Superior Court, supra.*

But, whatever reasons may have led to the decisions upon the above subjects, it is nevertheless true that they did not concern the particular statute now before us, and the suggested analogy is not controlling here unless the principle involved is essentially similar. Under § 6503, *supra,* a notice of appeal becomes such by reason of its service. It is specifically stated that it is the service that effects the appeal, but if the notice and an appeal bond shall not be filed within five days thereafter, the appeal then becomes ineffectual. The only purpose the filing of the notice serves in its relation to the adverse party is that, after the short space of five days, he is thereby informed, without the necessity for further inquiry, that the appeal has become effectual in that particular. In the case at bar, the original notice bears the following indorsement, made upon it by respondents' attorneys the same day the notice was filed: "Due service of the within, after filing of original, by a true copy thereof, is hereby admitted at Spokane, Washington, this 28th day of June, A. D. 1905." It is therefore manifest that respondents knew at the time of the service that the original notice was then on file, which fact was to their advantage rather than otherwise, for the reason that no further inquiry on their part was necessary to inform them that, so far as the filing of the notice was concerned, the appeal was effected.

We think it would be a sacrifice of the plainest commonsense view, and the substitution therefor of a pure and unreasonable technical view, to hold under the above statute that the mere fact that the notice was filed by the short space

of a portion of a day before it was served was a jurisdictional defect. Particularly must this be so in view of the statute of 1899, which provides that, "No appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service of either thereof, or for any defect of parties to the appeal, if the appellant shall forthwith, upon order of the supreme court, perfect the appeal." Laws 1899, p. 79. Respondents have been in no sense misled or prejudiced here, and no order from this court in the premises, as contemplated by the above statute, is necessary. The motion to dismiss the appeal is therefore denied.

This appeal is from an order quashing a summons and the service thereof. The essential part of the summons reads as follows:

"You and each of you are hereby summoned to appear within twenty days after the service of this summons, exclusive of the day of service, if served within the state of Washington, and within sixty days if served out of the state of Washington, and defend the above entitled action in the court aforesaid, and answer the complaint of the plaintiff and serve a copy of your answer on the person whose name is subscribed to this summons at Spokane, Spokane county, state of Washington, and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint which will be filed with the clerk of said court, a copy of which is herewith served upon you."

The summons and complaint were personally served upon respondents in the state of North Carolina. The affidavit of service is in all respects regular and sufficient. Bal. Code. § 4879, provides as follows:

"Personal service on the defendant out of the state shall be equivalent to service by publication, and the summons upon the defendant out of the state shall contain the same as personal summons within the state except it shall require the defendant to appear and answer within sixty days after such personal service out of the state."

It is argued by respondents, and such seems to have been the view of the superior court, that inasmuch as the summons

was so drawn that it contemplated that a service might be made either within or without the state, it is fatally defective. It is contended that the duty was upon appellant in advance to determine whether service was to be made within or without the state, and that the summons should have been drawn with reference to one or the other only. It seems to us that the essential inquiry is, Was the summons by its terms confusing or misleading to respondents? We cannot see that it was. It plainly told them that, if they were served without the state, they were required to appear within sixty days. That portion relating to service within the state became mere surplusage in view of the service that was made, and it was so manifestly such that it was in no sense confusing. We therefore think the court erred in quashing the summons and its service. Under the above statute, the service was equivalent to service by publication.

Inasmuch as jurisdiction of the persons of respondents was not acquired by the above process, the motion to quash was made upon the further alleged ground that a writ of garnishment, which had issued to reach respondents' property, was based upon a defective affidavit; thereby depriving the court of jurisdiction of the property, even under the substituted personal service without the state in lieu of publication. The motion also stated that, after the issuance of the writ of garnishment, the court made an order authorizing appellant to file an amended affidavit in aid of the writ previously issued, and averred that such order was made without jurisdiction and was void. The court denied the motion to quash upon all grounds except that the summons was defective, and allowed respondents an exception to its ruling as to the portion of the motion denied relating to the amended affidavit in garnishment. Respondents have not appealed from that part of the court's order, and the effect of the ruling therefore was that the court had acquired jurisdiction of the property, if the original summons had been sufficient.

Respondents now argue that this court should hold that the

ruling of the court upon the motion with reference to the amended .affidavit in garnishment was erroneous, and that there was therefore no jurisdiction of the property. That part of the ruling is, however, not before us for review, since there is no appeal from it. The only question brought up by the appeal is that brought by appellant, and it relates alone to the sufficiency of the original summons and its service. Having determined that those were sufficient, the judgment quashing the summons and service is therefore reversed, and the cause remanded, with instructions to vacate that part of the order appealed from and proceed with the action.

Mount, C. J., Fullerton, Rudkin, Root, and Dunbar, JJ., concur.