## CARLSON et al. v. STUART.

A finding supported by evidence will not be disturbed on appeal.

The Legislature, in adopting a statute from another state, is presumed to intend that it be given the construction adopted in such state

Service of an answer by mail is complete when the answer is deposited in the mails.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by Leander Carlson and others against T. N. Stuart. From an order vacating a default judgment, plaintiffs appeal. Affirmed.

*A. Sherin,* for appellants. *Byron Abbott,* for respondent.

WHITING, J. This action is before us on an appeal from an order of the circuit court vacating a judgment which judgment had been taken under the following circumstances: The action was commenced by the service of a relief summons with complaint attached, said service being made on March 1st upon the defendant at Britton, S. D. The attorney for plaintiff resided at Watertown, S. D. On April 9th the plaintiff's attorney appeared with the plaintiff and his witnesses before the court, and took judgment upon evidence submitted, upon the theory that the defendant was in default. Soon after the judgment was entered, the defendant moved that the same be vacated, upon the ground that the defendant was not in default at the time judgment was taken. Said motion was not based upon, and it is not claimed that any of the statutory grounds for relief, such as excusable neglect, etc., existed. Said motion was made upon affidavits, and was resisted by counter affidavits. From these affidavits it appears without dispute that the attorney for defendant resided at Britton, 'S. D., and that, either on March 31st or April 1st, he mailed to plaintiff an answer in said action, that said mailing was proper in form, and that there was at that time regular mail service between Britton and Watertown. It appears without dispute that said answer was received by plaintiffs' counsel on April 5th, but not before, that on April 4th plaintiff's attorney had prepared the usual affidavit 'for default, and that said plaintiffs' counsel had informed the court, before taking judgment, of having received an answer on April 5th. Whether the answer was mailed on March 31st or on April 1st was the only disputed fact in any wise material on the hearing of said motion to vacate judgment. The defendant and respondent claimed on said motion that said defendant was not in default, for the reason

that, said answer being mailed on March 31st, it was within time. It will thus be seen that the only questions before the lower court were, first, what was the date of mailing the answer; and, second, if the answer was mailed on March 31st, was it mailed in time?

The first of these being a pure question of fact, and the court having necessarily found that the answer was mailed on March 31st, and there being evidence to support such finding, this court will not disturb the same. Hill v. Whale Min. Co. et al., 15 S. D. 574, 90 N. W. 853. The second question raised is one particularly of law, and we think that the lower court was right in holding that the mailing of the answer on March 31st was in time, and in holding that for that reason the judgment should be vacated. Our statutes relating to the time of pleading, the time and manner of service of papers, including service by mail, as well as the statute relating to the effect of failing to appear and answer in time, are taken from the New York Code; and, under the well-established rule that, on the adoption of a statute from another state, it is presumed that the Legislature intended to adopt it with the same construction to be put on its wording as had been given to it by the courts of the state from which said statute was adopted, we feel bound by the rulings of the courts of New York made prior to the adoption of our Code, and which rulings it does not appear have ever been changed or overruled. The courts of New York have held service by mailing complete as soon as papers were deposited in the post office, the other provisions of the statute as to place and manner of mailing being complied with, and have so held even when such mailing was on the evening of the last day which the party had for service of papers, and when by the regular course of mail such papers could not reach the party to whom they were addressed until after the statutory time for service would have expired. Several cases were cited by respondent, but the case of Noble v. Trotter, 4 How. Prac. (N. Y.) 322, is one exactly similar to the case at bar, except that in that case the answer did not reach plaintiff's attorney until after judgment was entered. We cite, also, 19 Encyc. Pl. & Pr. 696, Liddy v. Long Island City, 102 N. Y. 726, 7 N. E. 904, and 4 Wait's Pr. 622. In California they have established the above rule by statutory enactment, and we

think it is well established in all courts where it has been considered that, wherever service by mailing is allowed, service is deemed complete as soon as the papers are deposited in the proper post-office.

It is therefore the judgment of this court that the order of the circuit court appealed from be affirmed.