[No. 9193. Department One. November 28, 1910.]

WENATCHEE ORCHARD & IRRIGATION COMPANY *et al.,*
*Appellants,* v. WILL H. THOMPSON *et al.,*
*Respondents.*[1]

APPEAL—BOND—SUFFICIENCY—DISMISSAL. An appeal will be dismissed where no name appears as a surety on the face of the appeal bond nor among the signatures and the justification affidavit on the back does not purport to be made by a surety.

SAME—OBJECTIONS TO BOND—WAIVER. Where the bond on appeal is not executed by any surety, failure to except to the same below does not preclude the respondent from moving to dismiss the appeal for want of any bond on appeal.

[1]Reported in 111 Pac. 874.

BONDS—SUFFICIENCY—STATUTES—WANT OF SURETY. Rem. & Bal. Code, § 777, providing that no bond shall be void for want of form or substance, etc., has no application where the bond has no surety upon it at all.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered June 6, 1910, in favor of the defendants. Dismissed.

*M. V. Boddy*, for appellants.

*Will H. Thompson, Charles A. Murray*, and *H. H. Benton*, for respondents.

PARKER, J.—A judgment was rendered in this cause by the superior court for Chelan county on June 6, 1910, in favor of the defendants. On August 30, 1910, the plaintiffs attempted to appeal therefrom to this court by giving and filing a notice of appeal, and by filing an appeal bond. In so far as we are required to notice the bond, it is as follows:

"Know all men by these presents: That we Wenatchee Orchard & Irrigation Co. as principal, and . . . . . . . . . . . . . as sureties, are held and firmly . bound unto  .  .  .  the defts.  .  .  .

"Wenatchee, Orchard & Irrigation Co.
"By M. V. Boddy, Pres.
"Jean Boddy, Sec'y."

On the back of this bond is indorsed an affidavit as follows:

"State of Washington, County of Chelan.    ss.

"Howard Honner and . . . . . . . . . . . . . . . . . . . being first duly sworn, each for himself, on oath says that he is not an attorney or counsellor at law, sheriff, clerk or other officer of the Superior Court; that he is a resident of the County of Chelan, State of Washington, that he is worth the sum of $200.00 Dollars in separate property, over and above all his just debts and liabilities and property exempt from execution.

"Howard Honner.

"Subscribed and sworn to before me this 30th day of Aug. A. D. 1910.

"(Seal)    J. L. Campbell, Clerk of the Court."

There is nothing else in the body of the bond, the signatures thereto, or the indorsements thereon indicating its execution by any surety.

The respondents now move to dismiss the appeal and for affirmance of the judgment, upon the ground, among others, that "the appeal bond is fatally defective in not complying with the statute in that it is signed by no surety." Rem. & Bal. Code, provides:

"Sec. 1721. An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. . . ."

"Sec. 1722. The appeal bond must be executed in behalf of the appellant by one or more sufficient sureties. . . ."

One of the grounds of dismissal of an appeal, enumerated in Rem. & Bal. Code, § 1733, is "that the appeal bond . . . is not in form or substance such as to render the appeal effectual." This provision was given full force in the case of *Erickson v. Erickson*, 11 Wash. 76, 39 Pac. 241. It seems to us that this bond is not only defective, but that it is no bond at all, so far as sureties are concerned. No name appears as surety anywhere upon the face of the bond or among the signatures thereto, and the affidavit upon the back does not purport to be made by a surety. By no possible construction could it be held that this bond binds any one as surety; and it is therefore not such a bond as is required by the provisions of law above quoted as renders the appeal effectual.

Learned counsel for appellants contend that since respondents took no exceptions to the bond in the superior court, it is too late to object to it in this court. It may be conceded that there may be defects in an appeal bond which can be waived by a failure to object to the bond in the superior court,

but the want of a surety upon a bond is as far from satisfying the law as it would be to file a mere form of a bond with no one executing it. The binding of a surety is the real purpose of requiring a bond. The appellant is already bound by virtue of being a party to the action. None of the decisions of this court cited by counsel for appellants go so far as to render a paper which is not a bond binding sureties, an effectual bond to perfect an appeal, by a failure to object thereto in the superior court. We will notice these decisions in order. *McEachern v. Brackett*, 8 Wash. 652, 36 Pac. 690, 40 Am. St. 922, was a case where the defect was the failure of the surety to include in his affidavit the statement that his property was in this state. The court simply held that this went to the sufficiency of the surety, and should have been presented to the superior court upon exceptions to the sufficiency of the surety, under Rem. & Bal. Code, § 1726. There was no question as to there being a surety bound by the bond. The question was only as to his property qualifications.

In *Cook v. Tibbals*, 12 Wash. 207, 40 Pac. 935, the alleged defect consisted of the signing of the bond by the appellant by his attorney in the case. The court held that was a sufficient execution of the bond. There was no question of there being sureties upon the bond, bound thereby.

In *Yakima Water, Light & Power Co. v. Hathaway*, 18 Wash. 377, 51 Pac. 471, the defect consisted of a failure of the sureties to sign the bond, but their names appeared in the body of the bond as sureties and they signed the affidavit attached to the bond, referring to themselves as, "the sureties named in the foregoing bond," as shown by the record in that case. It was held that this was an execution of the bond by them. *Tumwater v. Hardt*, 28 Wash. 684, 69 Pac. 378, 92 Am. St. 901, involved substantially the same question, though that was an official bond of a town treasurer.

The case before us differs from all these in not having the name of any surety in the body of the bond, no signature of any surety to the bond, and no reference to any person as

surety in the affidavit on the back.    Some reliance is placed
by counsel for appellant upon Rem. & Bal. Code, § 777, pro-
viding:

"No bond required by law, and intended as such bond, shall
be void for want of form or substance, recital, or condition;
nor shall the principal or surety on such account be dis-
charged, but all the parties thereto shall be held and bound
to the full extent contemplated by the law requiring the same,
to the amount specified in such bond."

This provision has no application here, for the reason that
this bond has no surety upon it at all.    So there is no surety
to be bound.

We are of the opinion that this appeal is ineffectual because
there is no bond accompanying it, executed by any surety.
This renders it unnecessary to discuss other questions pre-
sented by respondents' motion.    The appeal is dismissed.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., con-
cur.