[No. 9373.  Department Two.  June 2, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Palmer Mountain Tunnel & Power Company, Plaintiff*, v. THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—SERVICE AND FILING.  Under Rem. & Bal. Code, § 389, providing that appellant must file a proposed statement of facts and serve a copy thereof on the adverse party, the filing must precede the service or the statement will be struck out (CHADWICK, J., dissenting).

SAME—SERVICE BY MAIL—COMPLETION OF SERVICE.  Under Rem. & Bal. Code, § 247, providing that service by mail shall be made by depositing a copy addressed to the person on whom it is served etc., without specifying when the service shall be deemed complete, service of a statement of facts by mail is completed when the copy is deposited in the post office properly addressed.

Application filed in the supreme court January 27, 1911, to compel the superior court for Okanogan county, Pendergast, J., to certify a statement of facts.  Denied.

*Dewart & Fouts*, for relator.

*P. D. Smith*, for respondent.

MORRIS, J.—Application for a writ of mandamus, directing the respondent judge to certify a statement of facts. The petition shows that, on July 1, 1910, the Pacific Tank Company recovered a judgment against relator in the superior court for Okanogan county, from which the relator sought to take an appeal to this court, and as a necessary step in such appeal, prepared a statement of facts.  The attorney for relator resided at Spokane, while the attorney for the tank company resided at Conconully.  On October 1, 1910, the attorney for relator deposited his proposed statement of facts in the post office at Spokane, addressed to the clerk of the superior court for Okanogan county, at Con-

[1]Reported in 115 Pac. 845.

conully, with postage fully prepaid.   At the same time and place he deposited a copy of such proposed statement, addressed to the attorney for the tank company, at Conconully, with postage fully prepaid.   These statements were received in due course of mail at Conconully, on the evening of October 4, after the clerk had closed his office for that day, and for that reason the clerk did not file the proposed statement until the morning of October 5.   On December 29 the attorney for the tank company moved to strike the proposed statement of facts, upon the ground, among others, that said proposed statement of facts was not filed before it was served, which motion was granted by the court, and the proposed statement stricken January 14, 1911.

Rem. & Bal. Code, § 389, provides that a party desiring to have a statement of facts certified must prepare the same as proposed by him, file it in the cause, and serve a copy thereof on the adverse party; and this court, in construing such section, has held in *Erickson v. Erickson,* 11 Wash. 76, 39 Pac. 241; *Boyle v. Great Northern R. Co.,* 13 Wash. 383, 43 Pac. 344; *Barkley v. Barton,* 15 Wash. 33, 45 Pac. 654; *State v. Yandell,* 34 Wash. 409, 75 Pac. 988, that the proposed statement must be filed before it is served.   This has been the established practice of this court and should be adhered to.   It is necessary for us to determine, then, when the proposed statement was served on the attorney for the tank company. Section 246, Rem. & Bal. Code, provides that:

"Service by mail may be made when the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail."

Section 247, Rem. & Bal. Code, provides:

"In case of service by mail, the papers shall be deposited in the post office, addressed to the person on whom it is served, at his place of residence, and the postage paid; and in such case the time of service shall be double that required in case of personal service."

Under these sections the service is made by mail when the paper to be served is deposited in the post office addressed to the person to be served, with postage prepaid, and the service is complete when so deposited; otherwise there could be no meaning to the sections.    This is the universal interpretation given to such statutory provisions.

In California it is provided that the service shall be complete when the paper is deposited in the mail; while in Iowa the statute reads that the service shall not be deemed complete until the arrival of the first regular mail at the place where the person to be served resides.    But, in construing statutes where, as in ours, there is no time fixed when service shall be deemed complete, it is universally held that it must be determined as of the time when the papers are properly mailed.    19 Ency. Plead. & Prac. 696, citing many New York cases under a similar statute; 31 Cyc. 595; *Clyde v. Johnson*, 4 N. D. 92, 58 N. W. 512; *Carlson v. Stuart*, 22 S. D. 560, 119 N. W. 41; *Van Aernam v. Winslow*, 37 Minn. 514, 35 N. W. 381, under a statute identical with ours; *Lyon County v. Washoe County*, 8 Nev. 177.    We are, therefore, of the opinion that the service of the copy of the proposed statement of facts was made upon the attorney for the tank company on October 1, when the same was deposited in the post office at Spokane, properly addressed to him at Conconully, with prepaid postage.    Under this holding, the service preceded the filing, and the proposed statement was, for this reason, properly stricken.

Counsel for relator relies upon *Bank of Shelton v. Willey*, 7 Wash. 535, 35 Pac. 411, which holds that a statement of facts is "filed," within the meaning of the statute, when it is actually received by the clerk, and that notice of filing same is sufficient if deposited in the mail in sufficient time to have reached counsel served, within the required time, although actually received too late.    The first of these holdings would be authoritative for holding that, as the clerk received the proposed statement of facts on October 4, it was filed that

day, although he did not mark it "filed" until the next day, which would be of no value to relator.   The second holding would seem to indicate that the court was then of the opinion that the notice of filing was sufficient if mailed in time, irrespective of its receipt; which is more authoritative for our present holding that the mailing of the paper, rather than its receipt, determines the time of service.   Otherwise, as the paper was admittedly received too late, if its receipt determined its service, it could not have been served in time; but having been mailed in time, it was served in time.

The writ is therefore denied.

CROW and MOUNT, JJ., concur.

ELLIS, J. (concurring)—I concur solely on the ground that this opinion follows the earlier decisions of this court. Were the question a new one I would favor a less technical construction of the statute.

CHADWICK, J. (dissenting)—I dissent.   The earlier cases holding that a statement of facts should be "filed and served," and that a notice of appeal should be "served and filed," upon which the majority opinion is made to rest, have no foundation in reason and find no sanction in the statute. Sections 389 and 1719, Rem. & Bal. Code, merely declare that an appeal shall not be allowed unless a notice of appeal and a statement of facts shall have been both served and filed. If either requirement were lacking, the appeal might properly be denied.   With both acts accomplished, the object of the statute is attained, and the proceeding should go free of hyper-technical objections.   Had the legislature intended that there should be any virtue in "filing" and "serving," before "serving" and "filing," it would have so ordained.   That no reason occurred to the legislature is made manifest when it provides in one statute that the statement of facts shall be "filed and served," and in the other that the notice shall be "served and filed."   If there is any meat of wisdom or strength of necessity in filing or serving the one before the

other, it was not apparent to the legislature; and so far the courts have not pointed it out. When the documents, as in this case, were both served and filed, the act, not the time—except as the act done is within the statutory limit—being the essential thing, the writ should issue. It is true that many sessions of the state legislature have passed since the first decisions were announced by this court; but no rule of property is involved, it is a question of practice only, and the omissions of the legislature in such cases should not deter the court from overruling the cases here involved and declaring in their stead a "rule of reason."