[No. 2231.    Decided November 12, 1896.]

JOHN F. CLERF, *Respondent*, v. J. M. MONTGOMERY *et al., Appellants.*

FRAUDULENT CONVEYANCE — BONA FIDE PURCHASER.

The filing of a writ of attachment against the husband will not affect the rights of a subsequent purchaser from the wife of lands standing in her name, although such lands may have theretofore been conveyed by the husband to the wife in fraud of creditors, when such subsequent purchaser has no knowledge of the fraud, and no actual notice that the attachment lien was sought to be impressed upon the lands in the wife's name. (HOYT, C. J., dissents.)

Appeal from Superior Court, Kittitas County. — HON. CARROLL B. GRAVES, Judge.   Reversed.

*Ralph Kauffman*, and *Edward Pruyn*, for appellants.

*Frank H. Rudkin*, *A. Mires*, and *D. H. Carey*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the plaintiff and respondent Clerf, as a judgment creditor of defendant J. M. Montgomery, to set aside as fraudulent a recorded conveyance of lands made by said defendant to his wife and co-defendant, S. F. Montgomery, and to have the plaintiff's judgment declared a lien upon the lands included in the conveyance.

Subsequent to contracting the debt upon which judgment was obtained by respondent Clerf, J. M. Montgomery deeded the land in controversy to his wife, S. F. Montgomery. Sometime in November, 1894, plaintiff Clerf commenced an action against J. M. Montgomery. On February 25, 1895, the sheriff levied upon the lands in question by filing a copy of the writ and notice of the attachment in the county auditor's office. On March 22, 1895, defendant S. F. Montgomery, in whose name the title to the lands had been since September 15, 1891, sold to defendant Christianson eighty. acres thereof, for which he paid $1,200, and delivered the deed therefor. It is not claimed in the briefs of either counsel that Christianson had any actual notice of the purported attachment, although something of the kind appears in the testimony in the case; but no finding on that question was made by the court, and we will not discuss it here. It is conceded that Christianson made no examination of the record. On March 27, five days after the deed from S. F. Montgomery to Christianson, the plaintiff took judgment in the attachment suit against J. M. Montgomery. The court found that the conveyance from Montgomery to his wife was made with intent to defraud the grantor's creditors; that the lodging of the writ and notice of attachment with the sheriff in the auditor's office created a valid

lien upon the whole tract described therein; that the record imparted to Christianson full knowledge of the attachment lien. The conclusions flowing from these findings were that the conveyance from Montgomery to his wife should be set aside; that the judgment obtained by plaintiff against J. M. Montgomery should be declared a lien upon the lands described in the complaint, superior to the right of any of the defendants therein, and the decree was accordingly entered. The exceptions made to the findings of fact and conclusions of law by the appellant Christianson were sufficient to entitle him to a review by this court of the errors alleged. .

Without specially reviewing the other assignments, we are satisfied that no error was committed by the court excepting in its finding that Christianson took the lands subject to the lien of the attachment. Christianson, we think, was a *bona fide* purchaser without notice of any incumbrance. The record title was in S. F. Montgomery, and the fact that the copy of the attachment writ, together with a description of the property attached, was filed in the county auditor's office where such writ of attachment ran against the property of J. M. Montgomery, the order being to attach the interest of J. M. Montgomery only, could in nowise, it seems to us, be notice to a purchaser of the attachment of property the record title of which was in the name of another, even though that other should be the wife of J. M. Montgomery. In deraigning title to the land which he purchased, Christianson would be called upon by the law to examine only any liens which might appear of record against J. M. Montgomery; the grantor of his grantor prior to the time when the title passed from said Montgomery. He had no interest in the property of J. M. Mont-

gomery after that date, or in any liens which might be filed against the property of J. M. Montgomery.

It is insisted by the respondent that, even though the levy did not give constructive notice, still the respondent, having done all the law required of him to protect his lien, will be protected even though the appellant Christianson would suffer, for in that event, the law not having provided sufficient safeguards for the protection of purchasers, the common law rule would prevail, and the purchaser would take the property subject to all burdens known and unknown. We do not think this position is tenable. The law provides, through our recording statutes, for constructive notice, and it would have been easy for the attaching creditor in this case to have given notice to the world of the attachment of the property of Mrs. Montgomery. Not having done so, the rights of an innocent purchaser should not be destroyed in his interest.

We are not inclined to find any fault with the finding of the court, so far as the rights of the other appellants are concerned, but for this error the judgment will be reversed and the cause remanded with instructions to modify the judgment so that the decree shall not apply to the lands purchased by the appellant Christianson.

Scott and Anders, JJ., concur.

Hoyt, C. J. (*dissenting*).—I am unable to concur in the foregoing opinion. The property in the name of the wife was *prima facie* that of the community, and one dealing with it as her separate property must do so at his peril; and if he relied upon the deed from the husband to the wife to establish the fact that it was her separate property, he took the risk of the deed being such as to have that effect. But the deed

having been made to defraud creditors did not have the effect as against them of making the property therein described the separate property of the wife.