[No. 9034.  Department Two.  December 31, 1910.]

ELMER P. ANDERS, *Respondent*, v. JOSEPH BOUSKA, *Appellant*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—ATTACHMENT—LIEN —BONA FIDE PURCHASER FROM WIFE.  Where community real property, record title to which was in the wife, is attached in a suit for a community debt, brought against the husband alone, the attachment is not notice to a subsequent *bona fide* purchaser from the wife, and such purchaser is not bound to take notice of the attachment lien indexed in the name of the husband and not shown in an abstract of title (RUDKIN, C. J., dissenting).

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 21, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Ernest E. Sargeant*, for appellant.

*N. D. Walling* and *John C. Kleber*, for respondent.

CROW, J.—Action by Elmer P. Anders, against Joseph Bouska, to quiet title to real estate in the city of Spokane. From a decree in his favor, the defendant has appealed.

The evidence shows that Logan Snell and Clara Snell were husband and wife; that on October 31, 1906, Clara Snell acquired record title to the real estate, the presumption being that it became community property; that on November 19, 1906, Joseph Bouska commenced a personal action

[1]Reported in 112 Pac. 523.

in the superior court of Spokane county against Logan Snell alone, to recover judgment on an account for necessaries sold to him; that on the same date he caused a writ of attachment to be issued and levied upon the real estate here involved; that on February 1, 1907, after procuring an abstract of title which did not disclose the attachment lien, Elmer P. Anders, the respondent herein, purchased the real estate from Clara Snell for a valuable consideration, taking title thereto under and by virtue of a deed executed by her and Logan Snell, her husband; that respondent then had no notice of the attachment, or the pending action commenced by Bouska; that thereafter judgment was entered in favor of Bouska against Logan Snell, in pursuance of which an order of sale was issued to the sheriff of Spokane county, directing him to sell the attached property, and that it was sold on August 1, 1908, by the sheriff to Bouska; who now claims title. The action commenced by Bouska was against Logan Snell alone. The attachment was against his interest in the real estate. Clara Snell was not a party to the action or attachment, although appellant must have known she then held the record title. Before any judgment was obtained by Bouska, the property had been sold and conveyed to Anders, for a valuable consideration, without notice to him of the pending action or attachment.

In *Clerf v. Montgomery*, 15 Wash. 483, 46 Pac. 1028, 48 Pac. 733, the record title stood in the name of S. F. Montgomery, wife of J. M. Montgomery, the judgment debtor and only defendant in an attachment proceeding. Before judgment was obtained against her husband, the wife sold to one Christianson, a *bona fide* purchaser. We there said:

"Without specially reviewing the other assignments, we are satisfied that no error was committed by the court excepting in its finding that Christianson took the lands subject to the lien of the attachment. Christianson, we think, was a *bona fide* purchaser without notice of any incumbrance. The record title was in S. F. Montgomery, and the fact that

the copy of the attachment writ, together with a description of the property attached, was filed in the county auditor's office where such writ of attachment ran against the property of J. M. Montgomery, the order being to attach the interest of J. M. Montgomery only, could in nowise, it seems to us, be notice to a purchaser of the attachment of property the record title of which was in the name of another, even though that other should be the wife of J. M. Montgomery."

See, also, *Johnson v. Irwin*, 16 Wash. 652, 48 Pac. 345.

The abstract of title procured by respondent did not disclose any attachment lien which, under Rem. & Bal. Code, § 8787, was undoubtedly indexed in the name of Logan Snell only. Respondent purchased from Clara Snell, holder of the record title. Had the appellant, Bouska, knowing she held the record title, made her a party defendant to the action which he commenced on a community obligation, and also to his writ of attachment, the lien which he obtained would have been indexed in her name also, thus giving constructive notice to any person who might thereafter deal with her as holder of the record title. This appellant failed to do, and under the case above cited, we think the respondent, shown to be a purchaser for value without notice of the lien, should be protected.

The judgment is affirmed.

DUNBAR, CHADWICK, and MORRIS, JJ., concur.

RUDKIN, C. J. (dissenting)—I dissent.   Under section 5917, Rem. & Bal. Code, property "acquired after marriage by either husband or wife, or both," except such as is acquired by gift, bequest, devise or descent, with the rents, issues and profits thereof, is community property. Under the succeeding section, community real estate is subject to the lien of judgments recovered for community debts, and to sale on executions issued thereon. The land in controversy was the community property of Logan Snell and Clara Snell, his wife, on the 19th day of November, 1906, when levied upon under a writ of attachment, sued out in an action

396 ANDERS v. BOUSKA.

prosecuted against the husband for a community debt.   That
the levy of the writ created a lien on the community prop-
erty, I presume will not be denied, and that a deed from the
wife alone would convey no title to a purchaser will not be
gainsaid.   The majority seem to proceed on the theory that,
inasmuch as the record or paper title stood in the name of
the wife, a purchaser from the community was not charge-
able with notice of liens for community debts recorded against
the husband alone.   By a parity of reasoning it might be
argued that neither was he chargeable with notice of any
interest or claim the husband might have in or to the prop-
erty.   Yet all will concede that the purchaser was bound to
take notice of the marriage relation of the parties, and of
the community character of the property, and that a deed
from the wife alone would be mere waste paper.   And if the
purchaser was chargeable with notice of the community in-
terest of the husband in the property, why was he not like-
wise chargeable with notice of recorded liens against that
interest.   In *Mabie v. Whittaker*, 10 Wash. 656, 39 Pac.
172, this court held that "A deed of lands under the con-
ditions specified in the statute vested the ownership in the
community, no matter which spouse was named as grantee
in the deed, and the title of one spouse therein was a legal
title as well as that of the other."   It is now held that that
legal title vested in the husband may be acquired free from
attachment liens for community debts recorded against it.
In such a conclusion I cannot concur.   I do not think that
the majority opinion is supported by the two cases cited
from this court, but if so, they are so entirely out of harmony
with our community property system that they should be
overruled.