### DETERMINED IN THE

# SUPREME COURT

#### OF

# WASHINGTON

[No. 9085.   Department Two.   April 5, 1911.]

## A. P. BURWELL, *Appellant*, v. V. HUGO SMITH, *Respondent*.[1]

VENDOR AND PURCHASER—TITLE—LIS PENDENS—PARTIES TO SUIT—COMMENCEMENT OF ACTION. A *lis pendens* notice does not constitute a lien upon property, entitling the purchaser to rescind the sale, where a prior title was deraigned through a grantee not a party to the action, and it was not shown that the action had been commenced when the notice of *lis pendens* was filed.

LIS PENDENS—NOTICE—COMMENCEMENT OF ACTION. A *lis pendens* to be effective must be filed in compliance with Rem. & Bal. Code, § 243, requiring that the complaint be filed at or before the filing of the notice.

LIS PENDENS—NOTICE—PARTIES TO SUIT. Rem. & Bal. Code, § 243, providing that subsequent purchasers shall be bound by notice of *lis pendens*, applies only to purchasers from parties to the action.

Appeal from a judgment of the superior court for King county, Kauffman, J., entered March 25, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Reeves Aylmore, Jr.*, for appellant, contended that the purchaser could rescind for any defect appearing on the face of the abstract. *Smith v. Taylor*, 82 Cal. 533, 23 Pac. 217; *Boas v. Farrington*, 85 Cal. 535, 24 Pac. 787; *Taylor v. Wil-*

[1]Reported in 114 Pac. 876.

*liams*, 2 Colo. 559, 31 Pac. 504; *Burks v. Davies*, 85 Cal. 110, 24 Pac. 613, 20 Am. St. 213. Any *lis pendens* is *prima facie* evidence of an unmarketable title. *Moulton v. Kolodzik*, 97 Minn. 423, 107 N. W. 154. The title was not marketable. *Fagan v. Hook*, 134 Iowa 381, 105 N. W. 155, 111 N. W. 981; *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986; *Summy v. Ramsey*, 53 Wash. 93, 101 Pac. 506.

*G. E. Steiner*, for respondent.

Crow, J.—This action was commenced by A. P. Burwell against V. Hugo Smith, to recover $500 earnest money paid on a contract to purchase real estate. From a judgment of dismissal, the plaintiff has appealed.

On January 15, 1906, respondent, V. Hugo Smith, executed and delivered to appellant, A. P. Burwell, the following written receipt:

"Seattle, Wash., Jan. 15, 1906.

"Received of A. P. Burwell the sum of three hundred ($300) dollars account purchase lot seventeen (17) block four hundred nine (409) Seattle Tide Lands, to be conveyed free and clear of all liens and incumbrances excepting the lien of Seattle & Lake Washington Waterway Co., for filling said lands. Purchase price, thirty-seven hundred fifty ($3,750) dollars; the balance, thirty-four hundred fifty ($3,450) dollars to be paid as follows: Nine hundred fifty dollars ($950) thirty (30) days after date; twelve hundred fifty dollars ($1,250) on or before one (1) year, and twelve hundred fifty dollars on or before two (2) years, with interest from date at the rate of six (6) per cent per annum until paid. The said Burwell shall be furnished a complete abstract showing good and sufficient title to said property and allowed five (5) days for examination thereof; whereupon he agrees to complete the purchase in the manner and upon the terms herein; and in case of his failure so to do, the said sum hereby receipted for shall be forfeited as liquidated damages. It is further agreed that in the event of failure to convey good and sufficient title within thirty (30) days from date, said three hundred ($300) dollars shall be refunded.

"Subject to approval of owner.          V. Hugo Smith."

On February 14, 1906, in consideration of the further sum of $200 paid by appellant, the agreement was extended to March 15, 1906. Appellant contends that the respondent furnished an abstract which disclosed a *lis pendens* notice recorded on January 19, 1906, by the relator's attorney in a certain cause wherein the Washington Dredging and Improvement Company, a corporation, was relator, and E. W. Ross, state commissioner of public lands, was respondent; that the notice stated the action mentioned was instituted to obtain a writ of mandamus to compel a conveyance of the land here involved; that it was a cloud upon the title which, upon demand, respondent refused to remove; that the abstract did not show a marketable title such as appellant was obliged to accept, and that he is entitled to recover the earnest money advanced. The trial court, after finding the execution and delivery of the receipt, further found:

"That thereafter, pursuant to said agreement, and on or about the 22d day of January, 1906, the defendant delivered to the plaintiff an abstract of title to said lot for examination; that on or about the 1st day of March, 1906, the plaintiff returned said abstract to the defendant and called the defendant's attention to an unsatisfied judgment against C. B. Bussell, appearing in said abstract as a lien on said lot; that no other objection to said abstract or title was urged by plaintiff; that if any mention was made of the *lis pendens* appearing on page 29 of said abstract (said abstract being plaintiff's exhibit 'D' herein) it was not made the basis of an objection to said abstract or title; that said *lis pendens* did not, and does not, constitute a lien or incumbrance upon said lot; that the defendant then took said abstract from the plaintiff for the purpose of continuation to show the satisfaction of said judgment; that said abstract was so continued and returned to the plaintiff; that after showing the satisfaction of said judgment said abstract showed a good and sufficient title to said lot, free from incumbrance, in full compliance with said earnest money receipt.

"That the plaintiff failed and refused to complete said purchase within the time specified in said contract, or within the time specified in the continuation thereof, or at all."

The appellant insists that these findings were not sustained by the evidence; but after a careful examination of the entire record, we conclude that they must be approved. The evidence, although conflicting, is sufficient to show that the appellant objected to the judgment lien only, but took no exception to the *lis pendens* notice. In any event, we think the trial judge was correct in his conclusion that the *lis pendens* did not constitute any lien or cloud. The abstract shows that two prior *lis pendens* notices, filed in other and previous actions on behalf of the same plaintiff and affecting the same land, had been canceled by an order of the superior court of King county, afterwards affirmed by this court; that thereafter, and prior to the recording of the *lis pendens* notice now under consideration, the state of Washington, by its deed executed and delivered, had conveyed its title to a grantee not a party to the action upon which the present *lis pendens* notice assumes to be predicated. The title respondent was about to tender appellant was to be deraigned from this same grantee, whose title had been acquired prior to the filing of the notice. No evidence was offered to show that the action mentioned in the notice had been commenced, or that service of process had been made therein. Rem. & Bal. Code, § 243, provides that in an action affecting title to real estate the plaintiff, at the time of filing the complaint or at any time thereafter, may file with the county auditor a *lis pendens* notice. In order that an instrument in the form of a *lis pendens* notice shall be notice in law, it must be filed in the auditor's office at or after the time of the commencement of the action. The record fails to show that any complaint was filed, at or before or after the time the alleged *lis pendens* was filed for record. Section 243 further provides that every person to whom conveyance is subsequently executed shall be deemed a subsequent purchaser and shall be bound by all the proceedings taken in the action after the filing of the notice. This, however, applies only to conveyances taken from parties to the suit. *Johnson v. Irwin*, 16 Wash. 652, 48 Pac. 345;

*Noyes v. Crawford*, 118 Iowa 15, 91 N. W. 799, 96 Am. St.
363; *Merrill v. Wright*, 65 Neb. 794, 91 N. W. 697, 101
Am. St. 645; 2 Pomeroy, Equity Jurisprudence (2d ed.),
§ 637.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.