[No. 12684. Department One. August 5, 1915.]

JOHN D. DILL et al., Appellants, v. ANNA C. BUSH, Respondent.[1]

VENDOR AND PURCHASER — BONA FIDE PURCHASER — CONSTRUCTIVE NOTICE — ATTACHMENT — RECORDATION — LIS PENDENS. In an action commenced in one county, not affecting the title to land, an attachment levied upon land in another county, the title to which is in the defendant, by filing and recording in the auditor's office of such other county a copy of the writ and notice of the levy, as required by Rem. & Bal. Code, § 659, and indexed with defendant as grantor and plaintiff as grantee, as required by Id., § 8787, constitutes a valid lien upon the property to the extent of any judgment entered, preserving the lien, and is constructive notice to a subsequent purchaser from the attachment debtor, without the filing of any notice of lis pendens; notwithstanding Id., § 243, relating to the commencement of actions, provides that, in actions affecting title to real property, or whenever a writ of attachment of property shall be issued, the plaintiff may file with the auditor a notice of lis pendens; since under § 8787, supra, the notice of lis pendens is to be recorded and indexed in the same manner as a writ of attachment and notice of levy, and it was not intended to require the recording of both in the same place, in case of an attachment.

[1]Reported in 150 Pac. 1162.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered December 31, 1914, upon findings in favor of the defendant, in an action to quiet title, tried to the court. Affirmed.

*John D. Dill* and *Myers & Johnstone*, for appellants.

*Spence & Denham*, for respondent.

HOLCOMB, J.—Plaintiffs in their complaint allege, that they are owners in fee of the land described; that the defendant claims some right or interest therein adverse to them, but that she has no right, title, or interest in the real estate. Defendant answered, setting up a claim of prior lien by virtue of an attachment levied upon the property on August 15, 1913, prior to the time plaintiffs purchased it. The court found and rendered judgment for defendant, respondent here.

The facts found are these: On August 15, 1913, one Littlefield was the holder of the record title to the land, which is situate in Chelan county. On that date, respondent had instituted an action in the superior court of King county against Littlefield, to recover an indebtedness of $800 and interest. To secure any judgment recovered, she caused an attachment to be issued out of the superior court of King county, on the same date, and levied against the real estate here involved, by filing with the county auditor of Chelan county a copy of the writ, together with a notice of levy executed by the sheriff of Chelan county, which copy of writ and notice of levy were recorded in a volume of records of deeds, and indexed with defendant Littlefield as grantor and plaintiff Bush as grantee. Subsequently Littlefield conveyed the property to one Kaiser, and on about February 1, 1914, Kaiser conveyed it to appellants. Subsequent to the filing of the writ and notice of attachment above mentioned, respondent prosecuted her action against Littlefield to judgment, judgment being entered therein in the superior court of King county on October 14, 1914, for the full sum demanded, with costs; and the judgment recited and preserved

the lien by attachment on the real estate here involved. The action of Bush v. Littlefield was not in any wise an action for, or affecting the title to, real estate. No *lis pendens* notice in Bush v. Littlefield was filed in the office of the county auditor of Chelan county. Appellants made no examination of the records of Chelan county, and had no actual notice or knowledge of respondent's attachment, which was undischarged and unsatisfied of record and the judgment unsatisfied. The court, however, found and concluded that the levy and notice of attachment in the county auditor's office of Chelan county imparted constructive notice to them and to the world of the existence of the attachment and levy, and constituted a prior, paramount, and superior lien upon the real estate, superior to the title of appellants to the extent of the total amount of respondent's judgment against Littlefield, and that appellants are not entitled to have their title quieted as against the same.

Appellants contend only that a notice of levy of attachment was not sufficient under our statutes to impart constructive notice to the world of such a lien, so as to bind subsequent parties to the title; but that, under our statutes, a notice of *lis pendens* was required. *Clerf v. Montgomery*, 15 Wash. 483, 46 Pac. 1028, 48 Pac. 733, and *Johnson v. Irwin*, 16 Wash. 652, 48 Pac. 345, are relied upon as decisive. In the *Clerf* case, it was held that, where a debtor conveyed land to his wife in fraud of his creditors, and afterwards a creditor sued the husband alone, and the sheriff levied on the interest of the husband in the land by filing a copy of the writ and notice of attachment in the county auditor's office, a subsequent purchaser from the wife for value, without actual notice of the levy, was a *bona fide* purchaser without notice of any incumbrance. It will be observed that the record title was already outstanding in another than the judgment debtor. In the *Johnson* case, the same condition of title existed; the record title was already outstanding in others than the parties to the record. The *Johnson* case was an action affect-

ing the title of real estate, and there was a *lis pendens* notice filed as well as the writ and notice of attachment, and the *lis pendens* notice was also held ineffectual because of the priority of the transfer of title. Our statutes regulating "the manner of commencing actions" provide, Rem. & Bal. Code, § 243 (P. C. 81 § 173):

"In an action affecting the title to real property  .  .  . or, whenever a writ of attachment of property shall be issued, or at any time afterwards, the plaintiff  .  .  .    may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby."

Further provisions of this section fix the constructive effect of the *lis pendens* notice as to all subsequent parties to the record of title. Section 659, Rem. & Bal. Code (P. C. 81 § 473), regulating the manner of executing a writ of attachment, is as follows:

"The sheriff to whom the writ is directed and delivered must execute the same without delay, as follows:

"(1)    Real property shall be attached by filing a copy of the writ, together with a description of the property attached, with the county auditor of the county in which the attached estate is situated."

Section 8787, Rem. & Bal. Code (P. C. 115 § 147), relating to the recording of instruments and the manner of indexing them, provides that *lis pendens* and writs of attachment shall be indexed with the "grantor" as any person against whom the notice or writ be placed on record. The provisions relating to the manner of executing the writ of attachment and procuring its recordation and indexing in the office of the county auditor were strictly followed in this case.

The precise question has never been before us, where a party purchased real estate, subsequent to the levy of a writ of attachment and record notice thereof only, from a party defendant in the attachment proceedings. The *Clerf* and *John-*

*son* cases were followed in *Anders v. Bouska,* 61 Wash. 393, 112 Pac. 523, again a case where the outstanding record title was in the wife of the attachment defendant and the wife was a stranger to the attachment proceedings so far as any record notice went. In the last case it was said, *arguendo:*

"Had the appellant, Bouska, knowing she held the record title, made her a party defendant to the action which he commenced on a community obligation, and also to his writ of attachment, the lien which he obtained would have been indexed in her name also, thus giving constructive notice to any person who might thereafter deal with her as holder of the record title. This appellant failed to do. . . ."

Had respondent's notice of levy of writ of attachment been headed or designated on the face a *"lis pendens* notice," it would have been recorded and indexed in precisely the same place, books, and manner as it was. We are not disposed to consider it any less effective, as constructive notice to all subsequent parties dealing with the title of W. P. Littlefield, appellants' predecessor in interest against whom the notice of levy was directed, than a notice of pendency of action. The registry statutes are designed to enable persons dealing with the title at any time to follow it through the names of the holders of the record title.

"Under our system of recording, it is the grantors and grantees of land, and not the description of particular pieces of land, that can be followed by a searcher of the records." *Johnson v. Irwin, supra,* at p. 663.

It could not have been intended to require the filing and indexing in the same book of both notice of levy of attachment and notice of pendency of action in almost identical form and terms. Under the notice filed, the searchers of the record of title could at once have found that the prior grantor, Littlefield, had, at the time of his transfer, an attachment proceeding against him, and this particular land constructively seized, by a notice of record, pursuant to law. No notice technically called a *lis pendens* notice could or would have done more.

We conclude, therefore, that the statutory attachment levy and notice, from the time of filing thereof in the county auditor's office, were sufficient to impart constructive notice to any purchaser or incumbrancer of the property affected thereby. As necessarily follows, the judgment is affirmed.

MORRIS, C. J., CROW, CHADWICK, and MOUNT, JJ., concur.