[No. 16801. Department Two. May 11, 1922.]

Thomas K. Woodman *et al., Appellants,* v.
Ionia Fitzsimmons, *Respondent.*[1]

Vendor and Purchaser (127)—Bona Fide Purchaser—Posses-sion—Notice. An innocent purchaser from a record owner, to whom a husband and wife had conveyed title to avoid the lien of a com-munity judgment, is not bound to take notice of any interest the wife had in the land, although she was in possession through ten-ants; since her claim was outside the chain of title.

Estoppel (10-1)—By Deed—Persons Estopped. A recorded power of attorney from a wife to her divorced husband estops her from claiming an undisclosed interest in the land, as against an innocent purchaser from the husband, by authority of the power of attorney.

Lis Pendens (8)—Vendor and Purchaser (124)—Bona Fide Purchasers—Lis Pendens Not in Claim of Title. An innocent purchaser of land from the record owner, holding for a husband and wife, is not bound by notice of *lis pendens,* in the wife's action against the husband, since the claim was outside the chain of title and the record owner was not named in the notice.

Fraudulent Conveyances (51)—Bona Fide Purchaser from Grantor. It is against public policy for the court to enforce a wife's claim against an innocent purchaser from the record owner of land to whom the husband and wife had conveyed the title in fraud of creditors.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 14, 1921, upon findings in favor of the defendant, in an action in ejectment, tried to the court. Reversed.

*Danson, Williams & Danson (Roy E. Lowe* and *New-ton Henton,* of counsel), for appellants.

*Davis & Neil,* for respondent.

Hovey, J.—Appellants are the record owners of a lot in the city of Spokane, of which respondent has possession, and this appeal is from a judgment in an

[1]Reported in 206 Pac. 963.

action of ejectment and to quiet title, wherein appellants were denied recovery.

It appears from the testimony that respondent and R. C. Fitzsimmons were formerly husband and wife and were divorced in the year 1919. R. C. Fitzsimmons was then a real estate operator, but was considerably involved and there were of record several unsatisfied judgments which were community obligations, and in one of which respondent was made a party defendant and the judgment was of record against her.

It is fair to assume from the evidence that the property in question and other property belonged to the community of respondent and her husband, but that because of their involved condition they took title to the property and dealt with it in the name of Henry Endlich, from whom R. C. Fitzsimmons had a power of attorney. R. C. Fitzsimmons also had a power of attorney from respondent, which was of record and unrevoked at the time of the transfer to appellants.

At the time respondent obtained her divorce, the property in question was not mentioned in the divorce proceeding. The parties entered into a property settlement by the terms of which respondent was to receive the property described in this action, with other property, and the testimony shows that R. C. Fitzsimmons agreed to have proper conveyance made of this property as soon as he had placed a new loan upon it. This agreement he afterwards repudiated, and a suit was pending between respondent and her husband relative to this property at the time appellants acquired their title, and respondent placed of record in the office of the auditor a notice of *lis pendens* in which R. C. Fitzsimmons was the only defendant named. Respondent has been in possession of the premises through tenants and has collected the rents ever since she entered into the agreement with her husband, and appellants

made no inquiry of the tenants as to whom they were paying the rent.

The evidence shows quite clearly that appellants paid full value for the property and there is nothing to suggest that they were other than innocent purchasers. The property at all times stood in the name of Henry Endlich, and appellants received a warranty deed from Henry Endlich, by R. C. Fitzsimmons, his attorney in fact, and at the time the transaction was closed, they also obtained a quitclaim deed from R. C. Fitzsimmons and the respondent Ionia Fitzsimmons, by R. C. Fitzsimmons, her attorney in fact. The giving of this second deed seems to have been required out of excess of precaution, and testimony was introduced showing that it was required at the time a certificate of title insurance was issued for the purchasers, although this testimony was stricken by the trial court.

The testimony also shows that respondent was at all times aware of the fraudulent condition under which title to the property was carried, and the deed which she proposed to take from her husband for the property in question was in fact made out to her brother to prevent the lien of the judgments attaching.

Respondent's chief contention is that, as she was in possession through her tenants, appellants should have made inquiry, and upon discovery that rent was being paid to her, they would be charged with notice of her interest in the property. We fail to see how this inquiry could have changed the situation. Respondent, having of record the unrevoked power of attorney in favor of her husband, would not be in a position to complain of people who dealt with him innocently; but in this case it is not necessary to rely upon this feature of the case, as any interest that respondent had in this property was outside of the chain of title. Her notice

of *lis pendens* did not name the record owner of the property and could not affect a *bona fide* purchaser from such record owner.    *Clerf v. Montgomery,* 15 Wash. 483, 46 Pac. 1028, 48 Pac. 733; *Johnson v. Irwin,* 16 Wash. 652, 48 Pac. 345; *Anders v. Bouska,* 61 Wash. 393, 112 Pac. 523; *Burwell v. Smith,* 63 Wash. 1, 114 Pac. 876.

Another reason that defeats respondent is the fact that she was a party to the transfer of this property to defraud the creditors of herself and her husband and it would be against public policy to enforce her claims.    *Boothe v. Bassett,* 82 Wash. 95, 143 Pac. 449, and authorities cited.

The judgment appealed from is reversed, and appellants will recover judgment for possession of the property and for its rental value since the date they demanded possession, and the judgment should further provide that the title of appellants be quieted as against any claims of the respondent.

Parker, C. J., Holcomb, Mackintosh, and Main, JJ., concur.