[No. 30138.   Department Two.   July 10, 1947.]

W. L. KRITZER, *Appellant*, v. C. E. COLLIER *et al.,*
*Respondents.*[1]

*M. E. Mack,* for appellant.
*Cornelius E. Collier,* for respondents.

JEFFERS, J.—This action was instituted on or about April
12, 1946, by W. L. Kritzer against C. E. Collier and wife,
Emma E. Barton, a widow, S. S. Bassett and wife, and
Geo. F. Gaub, as administrator of the estate of Mary E.
Lens, deceased. The purpose of the action, as shown by
the complaint, was to quiet title in plaintiff to the SE ¼
of section 13, township 26 north, range 41 E. W. M., Spo-
kane county, Washington. Plaintiff's right to the relief
demanded was based upon a quitclaim deed from Henry
Wattlin, dated April 26, 1943, and recorded in the office
of the auditor of Spokane county on April 26, 1943, in vol-
ume 506 of Deeds, at page 71.

[1]Reported in 183 P. (2d) 195.

It is alleged relative to the above-named defendants that Emma Barton claimed some interest in the property and subsequently brought an action against plaintiff's grantor, and attempted to "subject the aforedescribed property to this action"; that Emma Barton, in bringing such action, based the same on alleged claims assigned to her by the defendants Collier and wife, and Bassett and wife. As to the defendant Gaub, it is alleged that, subsequent to the time of the conveyance to plaintiff, he brought an action against plaintiff's assignor "and attempted to subject the aforedescribed property to this judgment."

Defendants, by their answer, denied the material allegations of the complaint and, by their affirmative defense, alleged facts tending to show that any right, title, or interest plaintiff might have had in the property had been barred and foreclosed by the judgments entered in the case of Emma E. Barton v. Leonard Kritzer *et al.*, being cause No. 105697 of the superior court records of Spokane county, and in the case of Mary E. Lens v. Annie Kritzer *et al.*, being cause No. 109979 of the superior court records for Spokane county.

The cause came on for hearing before the court on May 13, 1946, at which trial plaintiff and his mother, Annie Kritzer, testified. The files in cause No. 105697 were introduced in evidence as plaintiff's exhibit No. 5, and those in cause No. 109979 as plaintiff's exhibit No. 6. The files in cause No. 73618, to which we shall later refer, were introduced as plaintiff's exhibit No. 3. Thereafter, on August 31, 1946, the court made and entered findings of fact, conclusions of law, and judgment. We quote from the judgment:

"It is therefore, ORDERED, ADJUDGED AND DECREED that the defendant herein, Emma E. Barton, a widow, be, and she is hereby adjudged and decreed to be the sole and absolute owner of the following described real property situated in Spokane county, state of Washington, to-wit:
The Southeast Quarter (SE¼) of Section Thirteen (13), Township Twenty-six (26) North, Range Forty-one (41) E.W.M. in Spokane county, Washington,

including the whole thereof, together with any and all appurtenances thereunto belonging, and

"It is Further Ordered, Adjudged and Decreed that the plaintiff herein, W. L. Kritzer, also known as Walter L. Kritzer, does not have any right, title, estate, lien or interest in or to the hereinbefore described real property situated in Spokane county, state of Washington, or in any part thereof, or in any of the appurtenances thereunto belonging and

"It is Further Ordered, Adjudged and Decreed that the above entitled cause be, and the same is hereby dismissed with prejudice."

Plaintiff has appealed from the above judgment.

While, as stated, both appellant and his mother, Annie Kritzer, testified in this case, there is nothing in such testimony which needs to be discussed, in view of the fact that we are of the opinion the questions raised must be determined by the records in cause No. 105697 and cause No. 109979, particularly the latter.

We shall first set out so much of the record in cause No. 105697 as we deem material. On September 25, 1934, Annie Kritzer and L. C. Kritzer (who is the same person as Leonard Kritzer), the parents of appellant in the instant action, made, executed, and delivered to C. E. Collier and S. S. Bassett, respectively, two promissory notes, and on the same day, and for the purpose of securing such notes, made, executed, and delivered to Collier and Bassett a real-estate mortgage covering the property described in the quitclaim deed from Henry Wattlin to appellant herein.

Emma E. Barton, a widow, as assignee and holder of the two notes above mentioned, commenced an action in the superior court for Spokane county (cause No. 105697) to recover judgment on the notes and to foreclose the mortgage given to secure them. She made as parties defendant Leonard E. Kritzer and Annie Kritzer, his wife, and Henry *Wottlin* (who will be hereinafter referred to as Henry *Wattlin*, as the name is spelled in the instant action). Personal service of the summons and complaint was made upon the Kritzers, in Spokane county, on December 6,

1935, but it does not appear from any return that Henry Wattlin was ever served with summons and complaint.

On September 6, 1940, an order of default was entered against Leonard and Annie Kritzer, and on the same day the court made and entered findings of fact, conclusions of law, and a decree. By the decree, plaintiff, Emma Barton, was given judgment against Annie and Leonard Kritzer, as prayed for in her complaint, and the mortgage was ordered foreclosed. The judgment provides in part:

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all persons acquiring any right, title, lien, interest, or equity in or to the mortgaged real estate hereinabove described or any part thereof, subsequent to the 25th day of September, 1934, the date of plaintiff's mortgage which was foreclosed herein, be and they are hereby foreclosed of such right, title, lien, interest, or equity as against the plaintiff herein."

It was further ordered that whatever right, title, or interest the Kritzers and all persons claiming by, through, or under them might have in such real property was inferior and subordinate to plaintiff's mortgage lien, and was foreclosed, save and except the right of redemption. No mention of Henry Wattlin was made in the findings or decree, and the judgment does not purport to run against him.

On April 25, 1942, the sheriff of Spokane county sold the property described in the mortgage, and Emma Barton being the highest and best bidder, the property was struck off to her for $609.78. On June 10, 1942, the court signed an order confirming such sale, which order was filed June 13, 1942.

At this point, it may be stated that the record shows that whatever interest Henry Wattlin had in this property was acquired by virtue of the proceeding in cause No. 73618 of the superior court records of Spokane county. This record shows that in 1924, L. C. Kritzer instituted a civil action against Henry Wattlin to recover damages for an alleged assault. As the final outcome of this action, after it had been to this court and after two jury trials, Henry Wattlin was awarded a judgment against L. C. Kritzer for

$185.55, as costs. To satisfy this judgment, the sheriff of Spokane county levied upon and on June 5, 1926, sold the property here involved to satisfy such judgment, which, together with costs and increased costs, amounted to $202.39. The property was struck off to Henry Wattlin, judgment creditor. The sale was confirmed on February 19, 1927.

It may be stated here that the Kritzers, including appellant in this action, have continued to live on this property at all times herein mentioned. It may be stated further that appellant testified he paid two dollars for the quitclaim deed from Henry Wattlin.

We next come to what will be referred to as the Lens foreclosure proceeding, being cause No. 109979. While the note and mortgage here involved were given prior to the notes and mortgage in the Barton foreclosure, this action, as will appear, was not commenced until after the Barton suit.

On August 18, 1922, Annie Kritzer and Leonard Kritzer, her husband, made, executed and delivered to Paul Kraus their promissory note for one thousand dollars. At the same time, and for the purpose of securing the note, the Kritzers made, executed, and delivered to Kraus a real-estate mortgage on the property here involved. This mortgage was recorded on August 28, 1922. On January 20, 1935, Paul Kraus, for a valuable consideration, sold and assigned the above note and mortgage to Lodewyk C. Lens, the assignment of the mortgage being recorded in book 446 of Mortgages, at page 234, in the office of the auditor of Spokane county. Sometime subsequent to the assignment, and prior to March 30, 1942, Lodewyk Lens died testate, leaving Mary Lens as his surviving spouse. The will of Lodewyk Lens was admitted to probate in Spokane county, and thereafter, by an order dated July 8, 1942, the note and mortgage above described were set over to Mary Lens as her sole and separate property.

On March 10, 1943, Mary Lens commenced an action (cause No. 109979) against Annie Kritzer and Leonard

Kritzer, her husband, Henry Wattlin, a bachelor, Emma E. Barton, a widow, S. S. Bassett and Katharina Bassett, his wife, to recover judgment on the note and to foreclose the mortgage given to secure it. (Henry Wattlin, defendant above named, is the same Henry Wattlin who was appellant's grantor in the cause now before us.) On the same day Mary Lens filed her summons and complaint, to wit, March 10, 1943, she filed in the office of the auditor for Spokane county a notice of *lis pendens*, which notice was entitled: "Mary E. Lens, Plaintiff, v. Annie Kritzer and Leonard C. Kritzer, her husband; Henry Wattlin, a bachelor; Emma E. Barton, a widow; S. S. Bassett and Katharina Bassett, his wife. No. 109979." The notice reads:

"NOTICE IS HEREBY GIVEN that the plaintiff herein has commenced an action against the above named defendants in the above entitled court and cause to foreclose a certain mortgage executed by defendants, Leonard C. Kritzer and Annie Kritzer, his wife to Paul Kraus in the sum of $1000.00 dated August 18, 1922, and recorded in Book 342 of Mortgages at page 412 in the office of the auditor of Spokane county, Washington.

"That the land described in said mortgage and sought to be foreclosed herein is situate in Spokane county, Washington, and described as follows:

"The southeast quarter of section thirteen (13), Township twenty-six (26) north, range forty-one (41) E.W.M. said foreclosure being subject, however, to the right of the United States of America, to an easement for an electrical transmission line over and across said lands."

On March 10, 1943, Emma E. Barton, one of the defendants above named, was personally served in Spokane county with the summons and complaint in the action. No other defendant was served at that time, and nothing further seems to have been done in the cause until February 26, 1944, on which date George F. Gaub, as administrator of the estate of Mary Lens, deceased, filed a petition asking that he be substituted as plaintiff in the case for Mary Lens. On the same day, an order of substitution was entered. On February 28, 1944, George Gaub, as such administrator, filed a summons and amended complaint in the cause. The

only difference between the original and the amended complaint is that in the latter it is alleged that Mary Lens died on October 15, 1943, that George Gaub was duly appointed administrator of her estate, and that such administrator was, by order of court, substituted for Mary Lens as plaintiff in the action. As shown by the returns of the sheriff of Spokane county, defendant Emma E. Barton was personally served with summons and amended complaint in Spokane county on March 11, 1944; Henry Wattlin was personally served with summons and amended complaint in Spokane county on February 29, 1944; and Annie and Leonard Kritzer were each personally served with summons and amended complaint in Spokane county on February 29, 1944.

On April 3, 1944, the court entered an order of default against Annie and Leonard Kritzer, Henry Wattlin, and Emma E. Barton, none of the defendants having appeared in the action. A default was taken against S. S. Bassett and wife on May 5, 1944, based upon service by publication.

On May 5, 1944, the court made and entered findings of fact, conclusions of law, and a judgment. Plaintiff was given judgment against the Kritzers for the amount prayed for. The decree also provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment aforesaid is a valid and subsisting lien upon the following described real estate situate in Spokane county, Washington, to-wit:

The southeast quarter of section 13, township 26 north, range 41 EWM, excepting therefrom that part of said premises over and across which the United States of America has secured an easement for the erection of an electrical transmission line.

That the said real estate be and the same is hereby ordered sold by the sheriff of Spokane county, Washington . . . ; that plaintiff, or any other person, may become the purchaser thereof at said sale and that said purchaser shall be let into immediate possession of the said premises; that the defendants herein, and each of them, *and all persons claiming by, through or under them, or any of them, subsequent to the filing of the notice of lis pendens* herein, be and they and each of them, are barred and foreclosed from

any right, title, interest, lien or estate in or to the said described real estate, save the right to redeem . . ." (Italics ours.)

No appeal has ever been taken from such judgment, and neither the Kritzers nor Henry Wattlin have ever redeemed the property.

On July 10, 1944, the sheriff of Spokane county sold the property to George F. Gaub, as administrator of the estate of Mary Lens, deceased, and the sale was confirmed on June 24, 1944.

It will be noticed that the deed from Henry Wattlin to appellant in the instant case was not executed until more than a month after the filing of the notice of *lis pendens*.

On June 11, 1945, Emma E. Barton, plaintiff in the Barton foreclosure proceeding, for a valuable consideration obtained from George Gaub, as administrator of the Mary Lens estate, an assignment of all the right, title, or interest in the property which Gaub had obtained by virtue of the Lens foreclosure, and on June 19, 1945, a sheriff's deed to the property was issued to Emma E. Barton.

There is no question but that, in the Barton foreclosure suit (cause No. 105697), Emma E. Barton obtained all the interest which Leonard and Annie Kritzer had in the property at the time the note and mortgage were executed and delivered, to wit, September 25, 1934. It is apparent, however, that the mortgage was given subsequent to, and was subordinate to, the mortgage foreclosed in the Lens action.

We may say here that our conclusions relative to the rights of Henry Wattlin and appellant, W. L. Kritzer, in this action, if any they or either of them had or obtained on April 26, 1943, the date of the deed from Henry Wattlin to appellant, are based upon the proceedings had in the Lens foreclosure (cause No. 109979), although the record does show that, at the time the Lens foreclosure proceeding was commenced, Emma Barton had been adjudged to have whatever interest the Kritzers had in the property at the time her mortgage was given, and in our opinion she

was a material party defendant in the proceeding last mentioned.

The main question to be determined in this case is as follows: Did the commencement of the Lens foreclosure on March 10, 1943, by the filing of the summons and complaint, the filing of the *lis pendens* notice on March 10, 1943, followed by personal service of the summons and complaint on Emma E. Barton, one of the defendants, on March 10, 1943, comply with the requirements of Rem. Rev. Stat., § 243 [P.P.C. § 74-1], regardless of the fact that the Kritzers and Henry Wattlin were not served with summons and amended complaint until more than sixty days after the filing of the notice of *lis pendens*? In other words, under the situation above stated, were both Henry Wattlin and appellant, W. L. Kritzer, bound by all proceedings taken after the filing of the *lis pendens* notice?

It seems to be appellant's contention that, in order to have made the *lis pendens* notice effective, its filing should have been followed up within sixty days by service of the summons and complaint upon a party he refers to as a "principal defendant" (in the instant case the Kritzers or Henry Wattlin), for counsel for appellant stated in his oral argument that, if the summons and complaint had been served upon the Kritzers or Henry Wattlin within sixty days after the filing of the *lis pendens* notice, he would not be here.

Rem. Rev. Stat., § 243, provides in part as follows:

"In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, . . . may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby."

We are of the opinion the *lis pendens* notice filed in the Lens case complied with all the above requirements.

The statute continues:

"From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or encum-

brancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of filing such notice: Provided, however, that such notice shall be of no avail unless it shall be followed by the first publication of the summons, or by the personal service thereof on *a* defendant within sixty days after such filing." (Italics ours.)

We are of the opinion that personal service of the summons and complaint upon Emma E. Barton, she being a named defendant, on March 10, 1943, was a sufficient compliance with the above statute. We cannot agree that the statute means that such service must be made upon any particular defendant, in order to make the *lis pendens* notice effective.

Appellant cites the case of *Woodman v. Fitzsimmons,* 120 Wash. 136, 206 Pac. 963, to sustain his contention that, in order to make the *lis pendens* notice effective, service of the summons and complaint should have been made within sixty days after the filing of the notice, either upon the Kritzers or upon Henry Wattlin, who, appellant states, was the record owner. We are of the opinion the cited case is not applicable here. The following headnote to the cited case indicates the difference in the situation presented there from that presented in the Lens foreclosure proceeding, and the reason for this court holding that the *lis pendens* notice in the cited case was not effective against the appellants:

"An innocent purchaser of land from the record owner, holding for a husband and wife, is not bound by notice of *lis pendens,* in the wife's action against the husband, since the claim was outside the chain of title and *the record owner was not named in the notice.*" (Italics ours.)

In the Lens case the Kritzers and Henry Wattlin were named as defendants in the *lis pendens* notice.

We stated in *Merrick v. Pattison*, 85 Wash. 240, 246, 147 Pac. 1137:

"The notice of *lis pendens*, as we view it, has no practical effect on the substantive rights of the respective parties, but is only a method of forcing a purchaser, under a subsequently recorded conveyance, to set up his claim of right in that action or have the decree therein, which may be rendered in favor of the plaintiff, made effective against him as well as the original defendant."

We are of the opinion that the Lens foreclosure proceeding was pending from the time of the filing of the original summons and complaint, the filing of the *lis pendens* notice, and service of the summons and complaint upon Emma E. Barton, on March 10, 1943; that the subsequent filing of a summons and amended complaint by Mr. Gaub, as administrator of the estate of Mary Lens, in no way affected the pendency of such action; that service of the summons and amended complaint upon the Kritzers and Henry Wattlin was a valid service; that the *lis pendens* notice was effective as constructive notice to Henry Wattlin and to appellant, W. L. Kritzer, in the instant case, of the pendency of the Lens action, and that all the defendants in the Lens foreclosure proceeding are bound by the judgment entered therein; that appellant, W. L. Kritzer, having acquired whatever interest he had from Henry Wattlin subsequent to the filing of the notice of *lis pendens*, is also bound by the judgment entered. Whatever interest in the property Henry Wattlin may have had having been barred and foreclosed by the decree in the Lens foreclosure, it follows that any right, title, or interest appellant, W. L. Kritzer, may have acquired by virtue of the deed from Henry Wattlin, is also barred by such judgment.

For the reasons herein assigned, the judgment of the trial court is affirmed.

MALLERY, C. J., STEINERT, ROBINSON, and HILL, JJ., concur.